## THE CITY OF OLNEY

*v.*

## HARVEY & BOYD.

1. MUNICIPAL CORPORATIONS—*effect of a change in their organization, in respect to pre-existing indebtedness.* Where, by an act of the legislature, an incorporated town is changed to a city, the municipality remains the same, under its new organization as a city, as when under its former condition as a town, and any debt incurred by the corporation while a town would continue to be the debt of the corporation under its new organization; such a transition from a town to a city does not work the dissolution or civil death of the corporation, so as to extinguish its indebtedness.

2. JUDGMENTS—*power of the court over them at a subsequent term.* Where a judgment has been rendered in a cause, which is a nullity, as when it was rendered against a city council instead of against the city itself, it is not error for the court to set aside such void judgment at a subsequent term, the court not having lost its jurisdiction of the cause by reason of such void judgment being entered.

3. JURISDICTION—*upon the change in the organization of a municipal corporation—pending a suit against the same.* In a suit brought against a town, a trial resulted in favor of the defendant; the plaintiff thereupon brought the case to the Supreme Court, where the judgment below was reversed and the cause remanded; pending the suit in the Supreme Court, the town was changed by legislative enactment into a city: *Held*, that as the town and the city were substantially the same corporation, when the case was remanded and notice given to the official authorities of the city, the court had the same jurisdiction over it that it would have had over the town, had the style of the corporation remained unchanged.

4. MANDAMUS—*when it will lie.* A writ of mandamus will lie to compel a municipal corporation to pay a judgment rendered against it, there being no other adequate remedy, as an execution cannot be levied upon the property of such a corporation.

APPEAL from the Circuit Court of Richland county; the Hon. RICHARD S. CANBY, Judge, presiding.

The facts are presented in the opinion of the court.

Mr. J. G. BOWMAN, for the appellant.

Mr. SILAS L. BRYAN, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In 1866, Harvey and Boyd, the appellees herein, brought suit against the then town (now city) of Olney, to recover a sum of money which the town had illegally required them to pay. The case came to this court, and we held the town liable, and remanded the case for another trial, the judgment in the circuit court having been in favor of the town. The case is reported in 42 Ill. 336. Before the order remanding the case was entered in this court the town of Olney had been converted, by an act of the legislature, into a city. At the June term, 1867, of the Circuit Court of Richland county, the case was re-docketed against the President and Trustees of the town of Olney, and at a subsequent day of the term, the city council of the city of Olney were substituted as defendants, notice upon the late president and trustees of the town, and upon the new mayor and city council, having been served and proved. The city council did not appear, and judgment was rendered against them.

At the next November term, it having been discovered that the city of Olney, instead of the city council, should have been made defendant, and a new notice having been served upon

the mayor and council, the case was again docketed, the judgment of the June term set aside, the case submitted to a jury, and upon their verdict a judgment was rendered for the present appellees.   The city did not appear either at the June or November term.

The city refused to pay the judgment thus rendered, and this mandamus was sued out to compel it to do so.   The circuit court awarded a peremptory mandamus, and the city appealed.

It is insisted by counsel for appellant, that upon the dissolution or civil death of a corporation all debts due to or from it are extinguished.   This is, of course, the rule.   The individual corporators would not be liable unless made so by the terms of their charter.   But in this case the corporation has not been destroyed.   The city of Olney is the same municipality as the town of Olney.   It has merely changed its machinery of government, and the titles of its officers, and is called a city instead of a town.   But it is the same municipality.   It consists of the same people, and whatever corporate property the town possessed would, without dispute, devolve upon the city. The 1st section of the charter (vol. 1, Private Laws of 1867, p. 824,) provides, that "the inhabitants of the town of Olney," shall constitute a corporation under the name of the "City of Olney," and the last section provides for the continuance in office of the town officers until the city officers shall be elected and qualified, thus showing that the legislature considered itself to be merely changing the municipal form of government and adding to its powers and privileges.   But the municipal corporation that incurred the debt now sought to be recovered still remains a municipal corporation, and to hold that it can set its creditors at defiance by procuring the legislature to call it a city instead of a town, and its officers mayor and aldermen, instead of president and trustees, would be such a burlesque upon justice that the proposition needs but to be stated to be rejected.

It is said, however, that the court had no power at the November term to set aside the judgment of the June term

against the city council. That judgment was a nullity, as the city council was not a corporation, and the court did not, by this void judgment against the city council, lose its jurisdiction. In this collateral proceeding we do not look at irregularities. The only question is, did the court, at its November term, have jurisdiction over the city? Holding, as we do, that the town and the city were substantially the same corporation, when the case was remanded, and notice given to the official authorities of the city, the court had the same jurisdiction over it that it would have had over the town if the style of the corporation had remained unchanged.

It is in proof that payment was demanded of the city and refused, and as, under the former decisions of this court, an execution cannot be levied on the city property, the relator has no adequate remedy but by mandamus, and the peremptory writ was properly awarded.

The judgment of the court below must be affirmed.

*Judgment affirmed.*