ADEL J. KEELER

v.

THE PEOPLE *ex rel.* Charles Kern, Collector.

*Filed at Ottawa October 11, 1895—Rehearing denied March 13, 1896.*

1. SPECIAL ASSESSMENTS—*judgment of confirmation cannot be attacked collaterally.* A judgment confirming a special assessment can not be collaterally attacked, unless the court was without jurisdiction to render it.

2. SAME—*setting aside confirmation at subsequent term—second judgment.* A judgment confirming a special assessment cannot be set aside at a subsequent term and a new judgment rendered.

3. SAME—*effect of invalid second judgment of confirmation.* The invalidity of a second judgment confirming a special assessment will not prevent the sale of land for such assessment when delinquent, where the first judgment was valid.

4. APPEALS AND ERRORS—*appeal from judgment for sale for taxes—what questions considered.* On an appeal from a judgment for the sale of lands for a delinquent special assessment no question as to the validity of the judgment affirming such assessment can be considered except that of jurisdiction.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

GEORGE W. WILBUR, for appellant:

Jurisdictional questions can be raised at any time. *Murphy* v. *People*, 120 Ill. 234; *Schertz* v. *People*, 105 id. 27; *Clark* v. *People*, 146 id. 348.

Summary proceedings of this kind must be strictly pursued, and this must be shown on the face of the proceedings. *Ogden* v. *Lake View*, 121 Ill. 422; *Chicago* v. *Wright*, 32 id. 192.

In a proceeding for the collection of taxes, where the owner may be deprived of his property, the requirements of the statute must be strictly followed. *McChesney* v. *People*, 148 Ill. 221.

If the petition fails to recite the ordinance, it will confer no authority on the court to act at all. *Ogden* v. *Lake View*, 121 Ill. 424.

After the expiration of the term at which a judgment is entered the court has no power to make any substantial amendment or to set it aside. *Becker* v. *Sauter*, 89 Ill. 596, and authorities cited; *Coursen* v. *Hixon*, 78 id. 339.

The mailing, posting and publication of the notice required by statute are necessary to confer jurisdiction upon the court to render judgment of confirmation in special assessment. *McChesney* v. *People*, 145 Ill. 614.

Each owner whose name and place of residence may be known to any one of the commissioners is entitled to have notice mailed. *Murphy* v. *Peoria*, 119 Ill. 509. .

HENRY R. PEBBLES, for appellee:

Upon the application for judgment upon a special assessment no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment, or the application for the confirmation thereof. 1 Starr & Curtis, sec. 155, p. 501; *Lehmer* v. *People*, 80 Ill. 601; *Railway Co.* v. *People*, 83 id. 467; *People* v. *Brislin*, 80 id. 423; *Schertz* v. *People*, 105 id. 27; *Andrews* v. *People*, 83 id. 529; *Gage* v. *Parker*, 103 id. 528; *Blake* v. *People*, 109 id. 504; *Murphy* v. *People*, 120 id. 234; *Prout* v. *People*, 83 id. 154.

The land owner, when notified by the commissioners, as provided by statute, is bound to appear and make his defense, and if he fails, the judgment of confirmation will be conclusive on him. *McChesney* v. *People*, 148 Ill. 221.

On application for judgment the court will not consider the objection that in the original proceeding the petition was not sufficient to confer jurisdiction. *Riebling* v. *People*, 145 Ill. 120.

Mr. JUSTICE CARTER delivered the opinion of the court:

.   This was an application to the county court of Cook county, by the county collector, for judgment against and for an order of sale of appellant's lands for a delinquent special assessment made for a local improvement

in the town of Cicero. Appellant did not appear in the special assessment proceedings, and judgment of confirmation was rendered against the lands in question by default, but on this application she appeared and filed numerous objections, many of which go merely to the regularity of the proceedings in the special assessment case and cannot be reviewed on this appeal. The judgment of confirmation cannot be attacked collaterally unless the court was without jurisdiction to render it. *Chicago and Northwestern Railway Co.* v. *People ex rel.* 120 Ill. 104, and cases there cited; *Scott* v. *People ex rel.* 142 id. 291; *Clark* v. *People ex rel.* 146 id. 348, and cases there cited.

A certified copy of the record of the proceedings and judgments in the special assessment proceedings was given in evidence and incorporated in the bill of exceptions filed in this case. From this transcript it appears that on the 12th day of April, 1893, at the April term, the default of the land owners was entered in the county court and the assessment as made and returned by the commissioners was confirmed. It is not contended that the proper notices were not given for the length of time and in the manner required by the statute before the judgment of April 12 was rendered, but certain irregularities in the proceedings, ante-dating this judgment of confirmation, are pointed out, which will be noticed further on. At the May term, on the motion of counsel for the town of Cicero, the court entered an order purporting to set aside the default and judgment of April 12, and leave was given to the commissioners to withdraw the assessment roll. New notices were given of the final hearing to be had at the June term. At the June term it was ordered that all objections to the assessment and confirmation thereof be filed by the 15th of that month. No one appearing and no objections having been filed, default and judgment of confirmation were entered on that day. It is contended that the last judgment is void, because, in the first place, the court had no

power to set aside its judgment rendered at a previous term; and in the second place, that the proper notices were not given to give the court jurisdiction.

It is undoubtedly true, as a general proposition, that the court has no power to set aside its judgments after the expiration of the term at which they were rendered, and this court has repeatedly so held. (*Coursen* v. *Hixon,* 78 Ill. 339; *Ayer* v. *City of Chicago,* 149 id. 262.) But if the court had no jurisdiction to render the judgment, or if, for any reason, the judgment is void, the court may, at a subsequent term, set aside such void judgment. 12 Am. & Eng. Ency. of Law, title "Judgments;" *City of Olney* v. *Harvey,* 50 Ill. 453; *Pettus* v. *Crow,* 3 Scam. 93.

It is difficult to see how it will benefit appellant to sustain her contention on this branch of the case, for if the court had jurisdiction to render the first judgment, and it was not a nullity, then, while the order setting it aside and the subsequent judgment were both nullities, the first judgment is in full force and cannot be attacked in this collateral proceeding. The total amount assessed against the property of appellant is the same in both judgments, the only difference being that in the first the amount of the assessment is first divided into installments, without stating how or when they are to be paid, and then the total amount is given, while in the second judgment no attempt is made to divide the assessment into installments. It would seem that in entering the first judgment an attempt was made to divide the assessment into annual installments. The result, however, was that a judgment for the total amount was entered, as was also done when the second judgment was rendered. The ordinance did not provide for dividing the assessment into annual installments, as might have been done under the statute, consequently the judgment could not, nor did it in terms, so provide. To sustain the point of appellant that the first judgment could not have been set aside on motion made after the term had passed, is to de-

cide that the first judgment is a valid one and the second a nullity, and as both judgments were before the county court on the application of the collector, either, if valid, would sustain the judgment appealed from. We are inclined to agree with appellant that the court had no power to set aside the first judgment at the subsequent term, on motion made at such subsequent term.

Conceding that the county court has the power at the term when the collector applies for judgment against the delinquent lands and when the parties are again before the court to amend the record in the special assessment proceedings so as to make it conform to the fact, as was held in *Kilmer* v. *People ex rel.* 106 Ill. 529, it does not follow that the court had the power that was attempted to be exercised in the case at bar,—to set aside the final judgment of confirmation at a subsequent term. Such being our view, it becomes unnecessary to consider the questions raised as to the sufficiency of the notices given and the affidavit of mailing and posting such notices of the hearing at the June term, when the second judgment was rendered. But there is some contention that the first judgment is invalid, and this contention deserves notice.

When the petition was first filed it set out the ordinance, the appointment of the commission to estimate the cost of the improvement, the report of such estimate, the approval of the report, and an order to file the petition. Later in the same term leave was given the petitioner to withdraw for correction the estimate made by the commission, and a few days later to file the corrected estimate made by the same commission and to "modify the petition" accordingly. The first estimate was $3087.04; the corrected one was $11,903.41. It is not contended that the ordinance did not provide for the improvement as contemplated by the corrected estimate, but it is said that the ordinance was not attached to or re-filed with the new or modified petition, and that there was no certified order showing the approval of the corrected estimate and

to file the new petition. The modified petition recited the passage of the ordinance, and stated that "a certified copy of which ordinance is hereunto annexed and made a part hereof." It also recited that the commission appointed by the board of trustees to make the estimate of the cost of the improvement and report thereof to the board had made such estimate and report, stating the amount to be $11,903.41, that the report was approved by the board, and that a copy was attached to the petition. The statute does not require that certified copies of the proceedings of the municipal authorities shall be attached to the petition. It provides that "the petition shall be in the name of the corporation, and shall recite the ordinance, for the proposed improvement and the report of the commission, and shall pray that the cost of such improvement may be assessed in the manner prescribed by law." The petition conformed substantially to these requirements. The ordinance was already on file with the original petition, and whether, as a matter of practice, the ordinance should have been withdrawn and attached to and re-filed with the "modified petition" it is unnecessary here to consider, for no question can now be considered that does not go to the jurisdiction of the court to render the judgment. It is not contended, as before said, that the notices of the final hearing upon which the first judgment was rendered were not given as required by the statute, and the jurisdiction of the court is not in that respect denied.

Our conclusion therefore is, that the second judgment of confirmation was and is a nullity, but that the first judgment was and is a valid one for the total amount of the assessment, without regard to the installments, and that it fully authorized the county court to render the judgment from which this appeal was taken. The latter judgment is therefore affirmed.     *Judgment affirmed.*