Roland A. Crandall, Defendant in Error, v. Kraetzer, Fischer & Company, Plaintiff in Error.

Gen. No. 14,941.

1. AMENDMENTS AND JEOFAILS—*when want of jurisdiction to reinstate cause waived.* Where a case has been dismissed and is subsequently, after the dismissal term, reinstated over the objection of one of the parties, if the objecting party thereafter appears and participates in the proceedings in court, otherwise than by objecting on the ground of lack of jurisdiction, to such action as may be proposed to be taken by his adversary or by the court, he thereby waives the lack of jurisdiction of his person and confers upon the court jurisdiction of his person as by a voluntary appearance

2. CONTRACTS—*when delivery of deed and payment of money to be concurrent.* The writing upon which the action in this case was brought construed as a whole, *held,* in view of the conditions, facts and circumstances surrounding it, to provide that the delivery of the deed therein mentioned and the payment of the money therein provided for, were to be concurrent acts.

3. CONVEYANCES—*when objection to form comes too late.* If a party has had ample opportunity to object to the form of a deed and fails to make such objection, an objection interposed in the Appellate Court for the first time, which is technical in character, comes too late to absolve the party there making the same from the payment of money provided to be made upon the delivery of such deed.

Assumpsit. Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed May 3, 1910.

ISRAEL COWEN, for plaintiff in error.

JOHN H. COULTER and SAMUEL J. HOWE, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Kraetzer, Fischer & Company, defendant below, prosecutes this writ of error to procure the reversal of a judgment against it for $739.75.

Before considering the merits of this cause we will dispose of defendant's contention that the trial court was without jurisdiction of the case at the time of the trial and rendition of the judgment. The suit was dismissed at plaintiff's costs on May 11, 1906. It is next shown upon the record that on April 23, 1908, that order of dismissal was vacated and set aside. There is a controversy with reference to the service of notice of the motion to vacate and set aside the order of dismissal, which controversy we disregard, because according to the view which will be hereinafter expressed, it is totally immaterial whether any notice of the motion was served. Neither the defendant nor any one for it appeared in court on April 23, 1908. On

April 25, 1908, defendant moved the court to set aside the order of April 23, 1908, but the court denied the motion. Then, on May 9, 1908, defendant moved the court for leave to file certain additional pleas *instanter*, which motion the court allowed and the pleas were filed. Upon these pleas the plaintiff subsequently took issue. Thereafter, on May 20, 1908, the case came on for trial and at the trial defendant appeared, made defense, and participated in the trial from beginning to end.

In the contentions that after the dismissal and expiration of the dismissal term the court had lost jurisdiction of the parties, that after that term the court had no jurisdiction to vacate the order of dismissal and reinstate the cause and that, therefore, the trial court had no jurisdiction to proceed with the trial of the case, nothing is involved except the question as to the jurisdiction of the person of the defendant. That the subject-matter of the controversy is one within the jurisdiction of the court is not and cannot be disputed, for the action is one of assumpsit.

Parties cannot waive a lack of jurisdiction of the subject-matter but they may voluntarily submit their persons to the jurisdiction of the court and they may do so by conduct as well as by words.

Where a case has been dismissed and is subsequently, after the dismissal term, reinstated over the objection of one of the parties, if the objecting party thereafter appears and participates in the proceedings in court, otherwise than by objecting, on the ground of lack of jurisdiction, to such action as may be proposed to be taken by his adversary or by the court, he thereby waives the lack of jurisdiction of his person and confers upon the court jurisdiction of his person as by a voluntary appearance. Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61, 83-4; Herrington v. McCollum, 73 Ill. 476, and Prall v. Hunt, 41 Ill. App. 140, therein cited. If the objecting party subsequently participates in the proceedings otherwise than by so objecting, he waives the lack of jurisdiction, although while par-

ticipating he protests against the court proceeding, because he may not speculate upon the outcome and regard the proceeding as valid if the decision be in his favor and as invalid if it be against him. West Chicago Park Commissioners v. Riddle, 151 Ill. App. 487. Where the court erroneously proceeds after such dismissal and the lack of jurisdiction over the person has not been waived, the remedy of the objecting party is by appeal or writ of error when a final judgment is rendered. Walker v. Oliver, 63 Ill. 199; Steward v. Parsons, 112 Ill. App. 611, 614.

The error which the trial court committed in the reinstatement of the case was waived by the defendant subsequently pleading and proceeding with the case, and by so pleading and proceeding defendant conferred jurisdiction upon the court to proceed to judgment.

It appears this case is based upon the following writing:

"Chicago, Ill., March 24, 1903.

"Whereas, in settlement of the affairs of the American Sash and Door Company, the assessment to be paid by Kraetzer-Fischer Company is six hundred dollars ($600); and

"Whereas, R. A. Crandall is willing to advance for said Kraetzer-Fischer Company said sum of six hundred dollars for the purpose of said settlement,

"Now, therefore, in consideration of the premises and of the advance by said Crandall for us of said sum of six hundred ($600) dollars for the purpose aforesaid, we agree to repay to said Crandall, or his order, the sum of six hundred ($600) dollars six months from the present date, provided that within said period of six months we receive a reconveyance from said American Sash and Door Company of all the property which we conveyed to it, said re-conveyance to be free and clear of all liens and encumbrances created by said American Sash and Door Company, or resulting from our said conveyance to that corporation.

"Kraetzer, Fischer & Co. (Seal)
"A. Kraetzer, Secy."

The writing originated out of an attempt made to

consolidate or combine various sash and door manufacturing concerns in Chicago into one company. The new or consolidated company was organized and incorporated as the American Sash and Door Company, apparently through the efforts of Henry L. Turner & Co. Among the constituent companies was the defendant Kraetzer, Fischer & Co. The constituent companies conveyed certain assets, including real estate, to the new company. Arrangements were made by Henry L. Turner & Co., through plaintiff, for a loan of $500,000 upon bonds of the new company to be secured by trust deed. One hundred thousand dollars of this loan was to be used for working capital and the remainder to pay off all bonds and mortgages of the constituent companies. At a certain point in the consolidation some one representing Henry L. Turner & Co. informed Crandall, the plaintiff, that they had advanced so far that all that was necessary was that some one lay out $2,150 for the purchase of revenue stamps to be placed upon the bonds. Plaintiff then volunteered that if it would hasten matters any he would give a check for $2,150, which he did. Plaintiff testified this money was used for stamps which were put upon the bonds. However, for some cause not made clear in the evidence, the consolidation failed. The loan had then not been consummated. Some months after advancing the check plaintiff was asked by some one from Turner & Co.'s office what he would do "regarding calling the whole thing off", and he replied that he would not ask any compensation for his services but that he would insist upon receiving back his money advanced. Thereafter a committee of the constituent companies met to dissolve and disentangle the consolidation. Plaintiff's account was, as he puts it, "scaled down to thirty-some-hundred dollars." After some talk with Mr. A. Kraetzer and Judge George A. Carpenter, the latter, who had then not been elected to the bench, representing all the constituent companies except one, Crandall agreed to accept the above mentioned writing instead of $600 which it fell upon defendant Kraetzer,

Fischer & Co. to pay, as their proportion of expenses incurred.

It is contended in defense that the stamps were not all purchased or used. Were that so, it would be no defense against Crandall for the evidence shows he gave a check to T. F. Vaughan for $2,150, and that the committee for the dissolution of the consolidation fixed the proportion of the expenses to be paid by each of the constituent companies. Judge Carpenter testified it to be his impression that the proportion of each was fixed on the basis of the value which the plant of each bore to the capital stock of the new company. Vaughan was one of the promoters of the consolidation and as such, in law, a representative of the constituent concerns, including the defendant. Moreover, plaintiff testified that the money was used for the stamps. The contradiction of this testimony by the witness Wheeler, who said that all he knew of the matter was what an attorney had told him, amounts to nothing. Wheeler's testimony was mere hearsay. Plaintiff's testimony, which was primary and direct, was not overcome thereby.

It is further contended, in defense, that defendant received no deed of reconveyance of the property it had conveyed to the American Sash and Door Company, within six months of March 24, 1903, and that, therefore, defendant is not liable. The facts in this connection appear to be that a deed of reconveyance dated April 21, 1903, was executed and left with Judge Carpenter and, on April 25, 1903, he sent a letter to the defendant, which was duly received, informing the defendant that he held the deed ready for delivery. The letter was as follows:

"25 April 1903.

"Messrs. Kraetzer, Fischer & Co.
    "City.
"Dear Sirs:

"I have in my possession, deed from the American Sash & Door Co. to your concern of real estate, which you turned in to that Company through Mr. Vaughan. I have been directed to hold this in my possession until

the $600.00 obligation which you gave to Crandall has been satisfied. I am also instructed to deliver it to you in case you see fit to execute a mortgage on the plant to secure the $600.00.

"The release from the Equitable Trust Co. of the trust deed of the American Sash & Door Co. was filed for record by me this morning, so that the premises are clear from that lien.

"Yours very truly,
"Geo. A. Carpenter.
"H."

Not hearing from the defendant, he sent another letter in the same connection, on September 21, 1903, as follows:

"21 Sept. 1903.

"Messrs. Kraetzer, Fischer & Co.,
"South Chicago, Ill.
"Dear Sirs:

"We have in our possession deed of conveyance to you from the American Sash & Door Co. This we were to hold until a certain obligation of your concern to R. A. Crandall was discharged. Mr. Crandall informs us that that matter, matures day after tomorrow. Kindly advise us when it is paid and we will forward the deed to you at once, so that it may be recorded.

"Yours very truly.
"Pence & Carpenter."

It is true a condition was attached to the delivery of the deed that defendant pay the $600. We think the true meaning and intent of the writing sued upon, considering the conditions, facts and circumstances surrounding the giving of the writing as well as the verbiage thereof, is that the delivery of the deed and the payment of the money were to be concurrent. The defendant was to repay its proportion of the money plaintiff had advanced on behalf of defendant and others, provided defendant received a reconveyance of the property which it had conveyed to the new company, the American Sash and Door Company, but not otherwise.

It is complained in this court that the deed of reconveyance was in certain technical respects insufficient. This complaint, under all the circumstances, does not come with very good grace from Kraetzer, Fischer & Co. When Kraetzer, Fischer & Co. was informed in April, 1903, that the deed was ready, no such objection was made. No such objection was made within the six months provided for the delivery of the deed. No such objection appears to have been made even in the trial court. The relation of Kraetzer, Fischer & Co. to the American Sash & Door Company, of which Kraetzer, Fischer & Co. was a constituent part, was much closer than the relation of Crandall to that company. True, Crandall agreed to procure from that company a deed to Kraetzer, Fischer & Co., yet the relationship of the parties is a circumstance proper to be considered in connection with the objection of technical defects in the deed of reconveyance, when made at this late day by Kraetzer, Fischer & Co. Judge Carpenter, as attorney for the committee which was to undo and disentangle the conditions created in the attempted consolidation, was, to an extent, the representative of Kraetzer, Fischer & Co. In the dissolution of the consolidation he undoubtedly aided in the procuring of this deed and the question of the execution thereof by the American Sash & Door Company unquestionably came before him. So that, in some degree, Kraetzer, Fischer & Co. was connected with the execution thereof by the grantor. Notwithstanding these defects Kraetzer, Fischer & Co. would have obtained evidence of its equitable title to the property which, possibly, never passed to the new company. The technical objection could readily have been cured if Kraetzer, Fischer & Co. had made the objections in proper season. Under the circumstances herein we regard the objection as being made too late to avail defendant as a defense against reimbursing plaintiff for money laid out.

Other errors are argued, but we find no sufficient

merit in the arguments to require the reversal of the judgment of the trial court. The judgment will be affirmed.

*Affirmed.*