## McAnsh Dwyer & Company, Appellant, v. Moore Furniture Company, Appellee.

## Gen. No. 17,075.

1. STATUTORY LAW—*statute as to service by publication construed.* R. S. ch. 100, § 9, relating to service by publication, was intended to control exclusively the matter of notice by publication in all suits at law or in equity.

2. PROCESS—*service by publication.* Under R. S. ch. 100, § 9, relating to service by publication, providing that the first publication must be at least thirty days prior to the first day of the term of the court, in an attachment suit the court is without jurisdiction to enter an order of default less than thirty days after the first day of publication.

3. ATTACHMENT—*power to set aside default entered without jurisdiction.* In an attachment suit, where an order of default is entered without jurisdiction less than the thirty days after the first day of publication required by R. S. ch. 100, § 9, the court has power at a subsequent term to set aside such order.

4. ATTACHMENT—*waiver of error in vacating default judgment.* Plaintiff in an attachment suit waives any error in vacating a default judgment entered at the preceding term where he joins issue with defendant's pleas, appears on a motion to quash portions of a deposition, consents to trial and participates therein by introducing testimony, arguing a motion for a new trial and a motion in arrest of judgment.

5. DAMAGES—*stipulation.* If a forfeit provided for in a contract for breach thereof is a penalty, in an action for a breach plaintiff must prove actual damages.

6. CONTRACTS—*when plaintiff must show performance.* In an action for breach of a contract providing for a forfeit if goods were not shipped by defendant when shipping orders were given, plaintiff to recover must show that such orders were given.

7. SALES—*when verdict properly directed.* In an action for breach of a contract providing that goods must be shipped by defendant when shipping orders are given, a verdict is properly directed for defendant where the only evidence that such orders were given is a statement to that effect by plaintiff's order clerk who testifies that copies which were kept were burned.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 3, 1913.

Q. J. CHOTT and FRANK E. HAYNER, for appellant.

BAKER & HOLDER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

The appellant, hereinafter called plaintiff, brought an attachment suit against appellee, hereinafter called defendant, alleging a breach of contract. Upon the trial, at the conclusion of plaintiff's case, the court peremptorily instructed the jury to find the issues for the defendant, which was done, and judgment entered which has been appealed to this court.

The ground of the attachment was the non-residence of the defendant, and service was had by publication. Suit was begun in the Circuit Court, April 14, 1909, and the first date of publication was April 16th. On May 14th plaintiff procured an order of judgment by default for the failure of defendant to appear. On May 17th defendant filed its appearance, and on May 19th its plea with affidavit of merits. On June 15th the court vacated the judgment of May 14th, reinstated the cause, and ordered that the plea filed stand to the declaration.

It is urged by plaintiff's counsel that the court was without power to enter the order of June 15th vacating the judgment, and that the order of May 14th for judgment by default was properly entered and should not have been disturbed. We are inclined to hold that the default order of May 14th was improperly entered, for the reason that plaintiff was not then entitled to a default under the statute. Plaintiff contends that section 22 of chapter 11, Illinois Statutes, entitled "Attachments," controls, but we believe the enactment of section 9 of chapter 100, entitled "An act to regulate service by publication in courts of record and to repeal acts in conflict therewith," in force July 1, 1897, was intended to control exclusively the matter of notice by publication in all suits at law or in chancery, including attachment suits. By this act it is provided that

"it shall, be sufficient publication if such notice shall be published for at least four (4) successive weeks, the first publication to be at least thirty (30) days next prior to the first day of the term of such court."

Hence, the court was without jurisdiction to enter the order of default against the defendant on May 14th, which was less than thirty days after the first day of publication. But the court did have power, even at a subsequent term, to set aside such an order. "A court has power to vacate a judgment at any time after the expiration of the term, at which it was rendered, where the court was without jurisdiction to enter such judgment." City of Chicago v. Nodeck, 202 Ill. 257 (268).

However, it is not necessary to rest our decision upon the point as to the jurisdiction of the court either to enter the default order or to set it aside, for plaintiff waived any error there might have been in vacating the judgment by joining issue with the pleas of defendant, appearing upon a motion to quash portions of a deposition, consenting to a trial and participating therein by the introduction of testimony and otherwise, arguing a motion for a new trial and a motion in arrest of judgment. Prall v. Hunt, 41 Ill. App. 140; Herrington v. McCollum, 73 Ill. 476; Grand Pacific Hotel Co. v. Pinkerton, 217 Ill. 61.

By the contract the defendant agreed to furnish 7,200 tables between August 1, 1906, and August 1, 1907, and plaintiff agreed to take said tables. The section relating to damages is as follows:

"It is further understood and agreed that if party of the second part fail to furnish shipping orders, that they forfeit 25c on each table that they have failed to give shipping order for, and if party of the first part fail to ship up to 30 days after monthly contract, when orders are so given, they forfeit 25c on each table not shipped."

Counsel for both parties argue earnestly as to whether

this amount of 25c. a table is a penalty or an amount agreed upon as liquidated damages. If it is a penalty, plaintiff was required upon the trial to prove actual damages, and this was not done. As was said in Gobble v. Linder, 76 Ill. 157: "No branch of the law is involved in more obscurity, by contradictory decisions, than whether the sum named in an agreement to secure performance will be treated as liquidated damages or as penalty."

We prefer, therefore, to base our decision on another point presented to the trial court, which seems clear from doubt, namely, that the plaintiff has not proven the sending of shipping orders to the defendant, which was a condition precedent to the obligation on defendant to deliver any tables. The contract provides that plaintiff shall "furnish shipping orders," and that it shall "forfeit 25c on each table that they have failed to give shipping order for," and the forfeit of "25c on each table not shipped" assumed by the defendant was to be imposed upon its failure to ship, "when orders are so given." It is clear, then, that defendant would be liable only on each table and on such tables for which it had received a shipping order from plaintiff, followed by defendant's failure to fill the order. Hence before plaintiff was entitled to recover it should have shown performance of its obligation under the contract. Sagola Lumber Co. v. Chicago Title & Trust Co., 121 Ill. App. 292, and cases there cited. The only evidence on this point is that of the witness Smith, an order clerk in the employ of plaintiff, which is as follows:

Q. "Did you send any orders to the Moore Furniture Co. to North Carolina for tables?"

A. "Yes, sir."

He further testified that the originals were "mailed to the factory" and a duplicate copy was kept on the files in plaintiff's office; that he had none of the duplicates, as they were burned up. This was not evidence upon which a jury could be allowed to find that

there had been a default by the defendant in its obligations under the contract, for which it should suffer a forfeiture for any specific amount of money. Plaintiff having failed to make out its case, the court properly instructed the jury to find the issues for the defendant. Plaintiff's counsel do not seem to controvert this point in anything appearing either in its original or reply brief.

For the reason above indicated the judgment will be affirmed.

*Affirmed.*