## Anna Ringholm, Appellant, v. Joseph Fitzgerald and Harry Miller, Appellees.

### Gen. No. 23,194.

1. JUDGMENT, § 296*—*when court may consider motion to vacate.* The court has jurisdiction of a motion to vacate a judgment which is made during the term at which the judgment is entered.

2. APPEAL AND ERROR, § 1705*—*when objection that trial court abused its discretion in granting motion for new trial will not be passed upon.* Where, after a judgment is set aside, plaintiff actively participates in the second trial, and, when the second verdict is returned, makes no motion for a new trial, and, on appeal, files no bill of exceptions, the Appellate Court cannot pass upon the objection that the trial court abused its discretion in granting a motion for a new trial.

3. APPEAL AND ERROR, § 1703*—*when point that judgment was improperly set aside is waived.* Where, after a judgment is set aside on terms, plaintiff, instead of not appearing at all or of confining himself to resistance of any action proposed by defendant, actively participates in the trial, he waives the point that the judgment was improperly set aside.

4. APPEAL AND ERROR—*what is necessary to save question of improper vacation of judgment.* Where a judgment is improperly set aside, a plaintiff, to save the question, should either not appear at all or confine himself to resisting any action proposed by defendant.

5. JUDGMENT, § 286*—*when no error in setting aside judgment.* Where it appears that the verdict of the jury for plaintiff in the first trial of a cause, at which defendants were not in court and were not represented, was for $3,500, while on the second trial, after the first judgment was set aside on defendant's motion, the jury, after hearing the evidence of both sides, found for plaintiff for $100, it cannot be said that the court erred in setting aside the first judgment.

6. APPEAL AND ERROR, § 1300*—*when assumed jury heard evidence of both parties.* Where both parties were in court, it will be assumed on appeal that the jury heard the evidence of both.

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed November 30, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ringholm v. Fitzgerald et al., 208 Ill. App. 268.

WILLIAM C. DUNN and SAMUEL W. NORTON, for appellant.

VINCENT D. WYMAN, HARRY C. KINNE, CHARLES E. CARPENTER and CASTLE, WILLIAMS, LONG & CASTLE, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

There have been two jury trials of this case. The first trial resulted in a verdict in favor of plaintiff for $3,500. A remittitur of $500 was required and judgment entered for $3,000. This was afterwards on motion of certain defendants set aside and vacated. The case was again tried and there was a verdict and judgment in favor of plaintiff for $100. Plaintiff contends that the court erred in setting aside the judgment for $3,000 and in entering the judgment for $100.

Anna Ringholm brought suit against Joseph Fitzgerald, Joseph Scherman, Harry Miller and the Standard Brewing Company, September 26, 1910. The action was based on section 9 of the Dramshop Act (J. & A. ¶ 4609). November, 1910, Fitzgerald filed a plea and Miller and the brewery filed separate demurrers. May 13, 1911, plaintiff dismissed as to Scherman and the brewery, and was given leave to file an amended declaration instanter, which was done, and a rule was then entered on the defendants to plead within 10 days. On May 22, 1911, the attorneys for Miller withdrew as such. Nothing further appears to have been done until April 7, 1916, when an order was entered wherein it is stated that the attorney for plaintiff remitted $500 from the amount of the verdict, and judgment was then entered for $3,000 in favor of the plaintiff and against the defendants Fitzgerald and Miller. April 15, 1916, and during the term of court, defendants moved the court to set aside the judgment and verdict for a new trial. The motion was based upon

affidavits and testimony taken before the court. The court took the matter under advisement and afterwards granted the motions, and the judgment was ordered to stand as security for the payment of any amount that might thereafter be recovered upon a retrial of the case. This order was entered upon condition that the defendants pay the attorneys for plaintiff $100. This was tendered and refused. A few months afterwards the cause again came on for trial before a judge and jury, and was on hearing some 3 days, when a verdict for $100 was returned in favor of plaintiff. The defendants made a motion for a new trial, which was afterwards withdrawn and judgment entered on the verdict, to which entry plaintiff excepted and was allowed an appeal to this court.

It appears that on the first trial none of the defendants was in court or represented. Plaintiff contends that the defendants on their motion to vacate the first judgment did not make such a showing as would warrant the court in granting it, and that in doing so the court abused its discretion. In the view we take of the case, the contention of the plaintiff is not before us. After the second verdict was returned plaintiff made no motion for a new trial. There is no bill of exceptions in the record, so that we have no way of telling what the evidence or the instructions were. The motion to vacate the first judgment was made during the term at which it was entered, so that the court had jurisdiction. The judgment was vacated on terms. Several months afterwards when the cause came on for trial, plaintiff actively participated in the trial, which appears to have taken about 3 days. If the judgment for $3,000 was improperly set aside, plaintiff to save this question should not have appeared at all, or at most should have confined herself to resistance of any action proposed by the defendants; but not having pursued this course, the point is waived. *Prall v. Hunt,* 41 Ill. App. 140; *National Union Bldg. Ass'n*

*v. Brewer,* 41 Ill. App. 223; *Grand Pacific Hotel Co. v. Pinkerton,* 217 Ill. 61; *Herrington v. McCollum,* 73 Ill. 476.   Moreover, at that time both parties were in court, and we must assume that the jury heard evidence for both sides and in these circumstances found for the plaintiff for $100.   The first trial where the defendants were not in court or represented, where only the plaintiff's side was heard, the jury returned a verdict for $3,500; and, since there is no complaint that the jury acted unfairly on the second trial, it is clear that the court was not only warranted, but that it was his duty, to vacate the first judgment.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*