### Henrietta Wilhelmina Zandstra, Appellee, v. Jacob Zandstra, Appellant.

#### Gen. No. 27,141.

APPEARANCES—*waiver of want of jurisdiction to vacate divorce decree after term by contesting proceedings on merits and seeking affirmative relief.*   A complainant in whose favor has been entered a decree of divorce in proceedings regular on their face, including a return of service of process on defendant, which was in fact false, no service having been made, waives the question of the want of jurisdiction of the court to vacate the decree of divorce at a later term for want of service on defendant, by appearing in the proceedings to vacate the decree without objecting to the jurisdiction, and by contesting such matter on the merits and by seeking affirmative relief therein that defendant be required to answer her bill.

Appeal from the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1921.   Reversed and remanded with directions.   Opinion filed October 18, 1922.   Rehearing denied November 2, 1922.

McKINNEY & GREAR, for appellant.

CHARLES E. ERBSTEIN, for appellee; JOHN B. FRUCHTL, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant seeks to reverse an order of the circuit court of Cook county setting aside prior orders of that court entered by another judge, and dismissing defendant's cross-bill.

On October 6, 1917, Henrietta Wilhelmina Zandstra filed a bill for divorce. against her husband, Jacob Zandstra, charging that he had been guilty of habitual drunkenness. The case was returnable to the November term. The return of the sheriff on the summons was as follows: "Served this writ on the within named defendant, Jacob Zandstra, by leaving a copy thereof for him at his usual place of abode with Mrs. Dolandorf, his aunt, a member of his family, a person of the age of ten years and upwards, at the same time informing her of the contents thereof this 8th day of October, 1917." The defendant did not appear and subsequently was defaulted. On April 1, 1918, the case was heard before Judge Brothers, and on April 25 a certificate of evidence was filed and a decree of divorce entered. On October 2, 1920, complainant filed her petition in which she set up the entry of the decree of divorce, and that alimony and solicitors' fees, which had accrued under the decree, were unpaid, and prayed, among other things, that the alimony be paid and a further allowance be made to defend a writ of error from the original decree then pending in this court. On October 18, 1920, the defendant, for the first time, filed his appearance in the case, and on the 28th day of that month he filed a written motion asking that the decree of divorce entered April 25, 1918, be set aside and vacated, and in support of the motion he filed an answer to complain-

ant's petition, which answer was also in the nature of a petition. It set up that the defendant had not been served with summons in the divorce proceeding; that the return of the sheriff on the summons was false for the reason that defendant had no aunt named Mrs. Dolandorf; that no such person was a member of his family nor related to him in any way; that at the time of the purported service defendant was boarding with a family named Doornbos; that this family was in no way related to him; that Mrs. Doornbos was then sixty years of age, of Holland descent, and could neither understand, read, write or speak the English language; that the defendant knew nothing about the attempted service upon him by leaving the summons with Mrs. Doornbos or anyone else. The petition further set up that complainant had filed another suit for divorce against him May 4, 1915; that after the filing of the bill in that case there was a division of property between defendant and his wife; that that case remained pending in the superior court of Cook county until June 28, 1918. It further set up that defendant did not learn of the subsequent divorce proceeding until the early part of the year 1920. Other matters were averred in the petition which we think it unnecessary to notice or consider in the decision of this case.

The matter came on for hearing before Judge McGoorty. On December 13, 1920, he entered an order finding that the defendant had not been served with summons and it was decreed that the divorce be set aside and vacated. That order recited that on the hearing of defendant's motion evidence was taken in open court. The evidence, however, is not preserved in the record. Afterwards and on the same day, on motion of the complainant, the defendant was ruled to answer her bill for divorce. The defendant accordingly filed his answer in which he denied that he was guilty of the excessive use of intoxicating liquors as

charged in the bill. On the same day the defendant filed a cross-bill praying for a divorce on the ground that the cross-defendant had been guilty of adultery with one Dick Roelfsema whom the complainant had married more than a year after the decree of divorce was entered April 25, 1918. The complainant was ruled to answer the cross-bill and the answer was accordingly filed. After replications were filed the matter came on for hearing before Judge Rush on May 11, 1921. All parties were present with their witnesses and proceeded with the hearing of the case, but when the court was informed that after the decree of divorce had been entered the complainant had remarried, he took the position that Judge McGoorty had no jurisdiction to set aside the decree of divorce, the court's position being that inasmuch as the divorce proceeding was regular on its face the decree could not be set aside on motion as was done, but that the proper method was by bill of review. Accordingly the court stopped the proceedings and vacated the orders entered by Judge McGoorty setting aside the divorce decree and requiring defendant to answer complainant's bill and complainant to answer the cross-bill. Both answers and the cross-bill were stricken from the files. This order entered by Judge Rush expressly found that Judge McGoorty had no jurisdiction to enter the order vacating the decree of divorce. To reverse this order defendant prosecutes this appeal.

Did Judge McGoorty, when sitting as a chancellor of the circuit court of Cook county, have jurisdiction to vacate and set aside the decree of divorce entered many terms prior to such vacation? This question has been ably argued by counsel for both parties. We have examined all the authorities cited and a great many others, and after careful consideration we have reached the conclusion that this question is open to grave doubt. The record discloses without controversy that the defendant was never served in the

divorce proceeding and, therefore, the court had no jurisdiction over him. He had never been heard in that case as was his right. It has frequently been held that where a defendant has not been served as required by law, and has not entered his appearance, the court has no jurisdiction over him, and in such case, where the court assumes jurisdiction and enters a decree against him, he may, upon petition and clear proof that he was not served, have the decree or judgment set aside and be permitted to defend the case on its merits. *Edson v. Edson,* 108 Mass. 590; 1 Freeman on Judgments (4th Ed.), secs. 96, 97, 98, 99, 100; *Feikert v. Wilson,* 38 Minn. 341; *Heffner v. Gunz,* 29 Minn. 108; *Covert v. Clark,* 23 Minn. 539; see also, *Keeler v. People,* 160 Ill. 179; *City of Olney v. Harvey,* 50 Ill. 453; *Kline v. Kline,* 104 Ill. App. 274.

In the *Edson* case the court, upon petition filed in that case, set aside a decree of divorce where it appeared that the defendant was not served according to law and did not enter her appearance, and this, too, after the term at which the decree was entered and expired. In that case the husband had, upon libel for divorce charging his wife with adultery, caused publication to be made for her. The publication was fraudulent and made so as to prevent the defendant from learning of the proceedings. The defendant knew nothing of the matter and was defaulted, and the decree went against her. The court there said (p. 596): ''To a correct understanding of the points involved in the present case, it is to be borne in mind that the proceeding now before us is a petition by a party to a case, against whom a judgment has been rendered at a former term of this court in another county, asking that said judgment may be set aside and annulled on the ground that it was obtained by fraud. It is, in other words, an application to the court by one party in a suit, against the other party to the same suit, to vacate a judgment rendered there-

in, and not an attempt to avoid the effect of a judgment in a proceeding purely collateral." The court then said that the allegations of the petition must be taken as true since there was no denial, and from them it appeared that gross fraud had been perpetrated and the defendant had been given no opportunity to appear and be heard. The court continuing said (p. 597): "We believe it to be an established principle of jurisprudence, that courts of justice have power, on due proceedings had, to set aside or vacate their judgments and decrees, whenever it appears that an innocent party without notice has been aggrieved by a judgment or decree obtained against him without his knowledge. * * * Nor is this principle limited in its operation to courts which proceed according to the course of the common law. It is equally applicable to courts exercising jurisdiction in equity. * * * In tribunals of the last-named description, whose decrees cannot be revised by writ of error or review, the proper form of proceeding is by petition to vacate the former decree as having been obtained by fraud upon the party and imposition upon the court." And further at page 598: "Nor does the petitioner seek to set aside a decree rendered against her in a suit of which the court had full jurisdiction, of the pendency of which she had due notice, and in which an opportunity to be heard was afforded her; but she asks only that she may not be deprived of her rights by a judgment rendered against her in a proceeding of which she not only had no notice, but of which all knowledge was fraudulently kept from her, and of which the court had no actual jurisdiction, but only an apparent jurisdiction, founded on a false allegation of domicile. It is hardly necessary to add that reasons of public policy, or a regard to the consequences which might ensue to innocent parties from the exercise of a power to invalidate a decree of divorce after it had become *res adjudicata,* do not constitute sufficient rea-

sons for a denial of the existence of the power. Considerations of such a nature may well induce courts of justice to exercise the power with great caution, and only where the rights of parties are clear and there has been no neglect or failure to insist upon them in due season." In that case it appears that although the proceedings on their face were regular, yet it was held that the defendant, upon petition, filed in the same case, might show by extrinsic evidence that she was not served in the case at all.

Freeman, in his work on judgments, after stating in sections 96 and 97 the principle that after the lapse of the term at which a judgment was entered it cannot be vacated or set aside, pointing out that it is subject to certain exceptions, says, section 98: "it is universally conceded that a judgment void for want of jurisdiction over the person of the defendant may be vacated on motion, irrespective of the lapse of time, * * * we believe the decided preponderance of authority justifies, or rather requires, a court, on motion being made to vacate its judgment because it was without jurisdiction over the person or the subject-matter, to inquire whether such was the fact, and, if so, to grant the relief sought." The author then refers to cases in California and Alabama which hold that a judgment cannot after term be set aside on motion unless the defect appears on the face of the record, and holds these authorities unsound in principle, and continuing, says: "When a motion to vacate a judgment, on the ground that defendant had never been served with process, is made, it is doubtless incumbent on the moving party to clearly prove his case; but to hold that he must establish it by the record is to deny him relief in all cases in which relief is necessary; for if a judgment record proclaims its own invalidity, it must be denied effect everywhere, and it is of little or no consequence whether it is formally set aside or not. Generally, though there is a return showing that

process was served, this return may be contradicted on motion to vacate the judgment and the motion granted, if notwithstanding the return the court is convinced that it had not acquired jurisdiction over the defendant. * * * If the defendant has not been served with process, or otherwise brought within the jurisdiction of the court, he has been denied due process of law. * * * If the judgment cannot be enforced without depriving the defendant of due process of law, it should not be enforced at all, but treated as void, and because void, vacated on motion, and thereby deprived of its falsely assumed form of a judicial determination." Continuing, the author says, section 99: "Even in the case of decrees of divorce they have been vacated on motion for fraud, nor have the courts hesitated to do so even after marriages have been contracted in reliance upon the fraudulent decree, and one of the parties was innocent of all complicity in or knowledge of the fraud." And in speaking of the vacation of decrees, it is said, section 100: "In relation to decrees, there seems to be no doubt that the power of the court to discharge the enrollment and open the decree never terminated unless there had been a regular trial on the merits. The general rule 'that a decree once enrolled cannot be opened except by bill of review, or by an original bill for fraud, is subject to well-founded exceptions, arising in cases not heard upon the merits, and in which it is alleged that the decree was entered by mistake or surprise, or under such circumstances as shall satisfy the court, in the exercise of a sound discretion, that the decree ought to be set aside. The decree in such cases being by default, the cause of the default can never be the subject of inquiry until the decree has been pronounced, and generally not until after the term has passed. Without the exercise of this power in the court to vacate the enrollment, a party against whom a decree had been enrolled by mistake or surprise, and

without any laches on his part, would be without redress. A bill of review would be of no avail, because his claim to relief is not based on error apparent on the face of the decree, nor on account of newly discovered evidence; and unable to charge fraud in obtaining the decree, he would be unable to reverse it on that ground. Accordingly, it is laid down by the most eminent elementary writers, and fully sustained by the adjudged cases, that when a case has not been heard on the merits the court will, good cause being shown, exercise a discretionary power of vacating an enrollment, and giving the party an opportunity of having his case discussed.' The fact that the merits of the case were never before the court seems to be the controlling one in all applications for the exercise of this discretionary power.'' It will be noted from the quotation just made that a bill of review will lie only (1) for fraud appearing on the face of the record, (2) on account of newly discovered evidence, or (3) for fraud in obtaining the decree. And relief from the decree in the case at bar was not sought on either of these three grounds. This is the holding of our Supreme Court, as stated in the case of *Harrigan v. County of Peoria*, 262 Ill. 36, where the court said (p. 41) : ''For all practical purposes all bills of review or bills in the nature of bills of review are divided into three general classes: bills for error appearing on the face of the decree, bills upon discovery of new matter, and bills based upon allegations of fraud impeaching the original decree.''

In the *Feikert* case, the Minnesota court, on motion made several years after a judgment had been entered, set it aside because it was void, no jurisdiction of the defendant having been acquired. The court there said (p. 341) : ''This is an appeal from an order vacating a judgment entered upon default * * * as the motion was made on the ground, not of any mere irregularity, but that the court never acquired juris-

diction to enter the judgment, the lapse of time does not affect the right to make the motion. A court may at any time clear its records of unauthorized and illegal entries therein.'' This case followed the case of *Heffner v. Gunz*, 29 Minn. 108, *supra,* where it was held that since no service was had upon the defendant, the court did not acquire jurisdiction over him and, therefore, the judgment was void, and it was set aside upon motion. The same principle was followed in *Hayes County v. Wileman*, 82 Neb. 669, and in *Foreman v. Carter*, 9 Kan. 674. And in the case of *Hanson v. Wolcott*, 19 Kan. 207, the same principle was announced and evidence *dehors* the record admitted. This was also the holding in the case of *Stocking v. Hanson,* 35 Minn. 207. In *Keeler v. People*, 160 Ill. 179, *supra,* the Supreme Court of this State said that while it was the general rule that a court had no power to set aside a judgment after the expiration of the term at which the judgment was rendered, yet this was not true if the court had no jurisdiction to render the judgment, and held that if, for any reason, a judgment was void, the court might at a subsequent term set it aside. And in support of this the case of *City of Olney v. Harvey,* 50 Ill. 453, *supra,* was cited. This same rule was announced by this court in the cases of *Peterson v. Metropolitan Nat. Bank*, 88 Ill. App. 190, and *Rybarczyk v. Weglarz*, 204 Ill. App. 232.

The complainant in support of her contention that Judge McGoorty was without jurisdiction to vacate the decree cites the cases of *Guggenheim v. Guggenheim*, 189 Ill. App. 151; *Tosetti Brewing Co. v. Koehler*, 200 Ill. 369; *Gray v. Ames*, 220 Ill. 251; *Mooney v. Valentynovicz*, 255 Ill. 118; *Bushnell v. Cooper*, 289 Ill. 260, and *Cook v. Wood*, 24 Ill. 295.

In the *Guggenheim* case it was sought to reverse an order of the trial court denying a motion for leave to file a petition seeking to set aside a decree of divorce several terms after the decree was entered. There the

divorce suit was brought by the moving party and she was seeking to set aside the decree for her own fraud. There was no question but that the court had jurisdiction of both parties there, and the court there cited the *Koehler* case (200 Ill. 369), where it was said that the proper method of setting aside the decree after the term was to file an original bill in the nature of a bill of review; but the language used must be considered in connection with the facts then before the court for decision. In that case a bill was filed to enjoin the levying of an execution on certain real estate. After the case was at issue a final decree was entered at the May term as prayed for. At the next term another decree was entered dismissing the bill for want of equity. From this second decree the complainant appealed to the Appellate Court where the decree was reversed. A further appeal was prosecuted to the Supreme Court. The court there said that the record shows that the trial court had decided the issues made by the pleadings and entered a final decree at the May term, and that after that term the trial court was without power to enter another decree. There was no question but that the court there had jurisdiction both of the parties and of the subject-matter. The court in discussing the question said (p. 373): "The proper method of impeaching and setting aside a decree after the term is to file an original bill in the nature of a bill of review, when such decree may be set aside, reversed or modified, according to the equities of the parties." In that case there was no contention made that the decree entered at the May term was void for want of jurisdiction of the parties as in the case at bar, and the language of the opinion quoted must be considered solely with reference to the actual point before the court for adjudication. The same is true of the *Cook* case, *supra,* where there was no contention made but that there was jurisdiction both of the parties and of the subject-matter. And in the *Bushnell*

case, where leave was sought to file a bill of review, it was held that leave was properly denied where it appeared that a decree of separate maintenance had been entered on the same day but two hours after the wife in that case had died. The court there held that since the husband in that case knew of this and made no motion during the term at which the decree was entered, he should not be permitted to file a bill of review, but the question whether the decree was void for want of jurisdiction was in no way involved or considered.

In the late case of *Chapman v. North American Life Ins. Co.*, 292 Ill. 179, after the expiration of the term at which a default judgment was entered against the defendant, it was sought to set aside this judgment by a written motion as provided for in section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89] on the ground that the return of the sheriff on the summons was not true, and that the defendant had not been properly served. It was there held on a rehearing that the return of the sheriff could not be questioned in that manner. The court there said (p. 186): "We therefore held in our first decision of this case that it was such an error of fact as would require the judgment to be set aside or recalled under this motion. On a rehearing we were clearly of the opinion that we were in error, after considering another point and other decisions thereon to which our attention was not called in the first instance. It has been uniformly held by this court and by other courts that both parties to a suit at law are conclusively bound by the sheriff's return after the term of court has ended in which the judgment was entered and wherein the jurisdiction of the defendant's person depends upon such return. The return cannot be contradicted in the same suit in any particular at such time." And continuing, the court said (p. 187): "The doctrine prevails in this State that the return of the sheriff on the summons,

where that return is in harmony with the findings of the court in its judgment that the defendant was duly served, cannot be contradicted after the term of court has ended in which judgment was rendered, except in rare instances, as where the sheriff is sued for making a false return, which is one of his remedies where the defendant is damaged by a false return.  *  *  *  In this State, before judgment is taken the sheriff's return can be contradicted when a false return is taken advantage of by a plea in abatement, or, more properly speaking, by a plea to the jurisdiction of the court of the person of the defendant.  *  *  *  All the cases will be readily distinguished that have been cited to us on the question of a sheriff's return, by noting that after judgment has been rendered, and after the term has ended in which judgment was rendered, the sheriff's return is conclusive as between the parties and cannot be taken advantage of by error *coram nobis* unless such false return has been procured by the fraud of the plaintiff." And the court further said (p. 186): "A court of chancery has jurisdiction, under a proper showing, to set aside a judgment at law or a decree in chancery after the term of court is ended, where there has been no valid service on the defendants." In that decision it was expressly held that the return of the sheriff on the summons could not be questioned in the same case after the expiration of the term at which judgment was rendered. But whether such return in a chancery proceeding may be so questioned was not before the court and was not there decided.

But in the view we take of the case before us, it will be unnecessary for us to decide this point because, in our opinion, the question of the jurisdiction of Judge McGoorty was waived by the complainant in contesting the matter on its merits and in afterwards taking affirmative steps in the case, as she did. It has been repeatedly held that where a term of court has passed

at which a suit in equity or an action at law has been finally disposed of, and subsequently the order of final disposition has been vacated and set aside and the case heard, both parties participating in the hearing, such participation waives the question of the jurisdiction of the court in the matter. *Herrington v. McCollum,* 73 Ill. 476; *Adamski v. Wieczorek,* 93 Ill. App. 357; *Hawes v. People,* 129 Ill. 123; *Loeff v. Taussig,* 102 Ill. App. 398; *Weisguth v. Supreme Tribe of Ben Hur,* 272 Ill. 541; *Grand Pacific Hotel Co. v. Pinkerton,* 217 Ill. 61; *Crandall v. Kraetzer Fischer & Co.,* 155 Ill. App. 496; *McAnsh Dwyer & Co. v. Moore Furniture Co.,* 178 Ill. App. 562; *Ringholm v. Fitzgerald,* 208 Ill. App. 268.

In the *Herrington* case the bill was dismissed in 1863. The cause was reinstated in 1865 without notice, and it was contended that the court had no jurisdiction to reinstate the case. The record there showed that after the case was reinstated orders were entered at the request of each of the parties and the case was tried. The court there said (p. 479): "The court, unquestionably, had jurisdiction of the subject-matter of litigation; and it has never been questioned that parties may so far control jurisdiction over their own persons, in such a case, as to confer upon the court the right to proceed, by voluntarily entering an appearance. The defendants, to avail of the right to question the jurisdiction of the court when the case was reinstated, should either have not appeared at all, or limited their appearance to the objection against the jurisdiction of the court."

The *Adamski* case was a proceeding in equity where a final order was entered dismissing the suit. After the term that order was set aside and the case went to trial. It was held that the question of jurisdiction was waived. The court there said (p. 362): "It is contended by counsel for plaintiff in error that the order dismissing the suit at defendant in error's costs upon

June 14, 1893, was a final order, and therefore that the court had no power to vacate that order and reinstate the cause at the January, 1894, term, no motion to that end having been made at the June, 1893, term.

"The contention is sound and a citation of authority to sustain it seems unnecessary. But it is not decisive of the cause now, for plaintiff in error, by voluntarily submitting to the jurisdiction and going to a hearing upon the merits of the cause, has waived this question as to the court's jurisdiction of his person. *Herrington v. McCollum,* 73 Ill. 476."

In *Hawes v. People,* the time within which a bill of exceptions was to be filed had expired, but it was held that the court would be reinvested with jurisdiction by the agreement of the parties to sign and settle the bill of exceptions. The court there said (p. 129), quoting from the opinion of the Appellate Court: "Whatever may have been the power of the court in the premises in the absence of a stipulation, we cannot doubt that such power was given by the express consent of the parties themselves. The records of a court are not so far closed at the end of the term that the parties may not appear at a subsequent term, and, by agreement, authorize the court to open them and take further proceedings. Can it be doubted, for example, that where a judgment is entered by default at one term, the parties may appear at a subsequent term, and by stipulation authorize the court to set the judgment aside and give leave to defendant to defend? Or can it be doubted that where a decree of foreclosure is entered at one term, the parties may appear at a subsequent term, and by their agreement authorize the court to vacate the decree, and enter a new decree for a larger or smaller sum, or permit the whole case to be relitigated? We see no reason, either in law or in public policy, why any proceeding, however final or conclusive, where the rights of no third party have intervened, may not be opened by the court, where all

the parties so agree, and the court be thus reinvested with jurisdiction to take further proceedings therein.''

In the *Weisguth* case the plaintiff took a voluntary nonsuit and the suit was dismissed. Afterwards on plaintiff's motion the case was reinstated and it was contended that this could not be done. The court held that under the law, having taken a voluntary nonsuit, plaintiff's only remedy was to begin the suit anew, but further held that the error of the trial court in reinstating the case was waived by defendant afterwards appearing and contesting the case on its merits. The court there said (p. 543): ''Plaintiff in error, however, has forfeited its right to complain of this action of the court. After the cause was reinstated it appeared in two trials in the city court and contested the case on its merits. By so doing it conferred upon the court the power to proceed and waived its right to object to the reinstatement of the cause.''

In the *Crandall* case this court said (p. 498): ''Where a case has been dismissed and is subsequently, after the dismissal term, reinstated over the objection of one of the parties, if the objecting party thereafter appears and participates in the proceedings in court, otherwise than by objecting, on the ground of lack of jurisdiction, to such action as may be proposed to be taken by his adversary or by the court, he thereby waives the lack of jurisdiction of his person and confers upon the court jurisdiction of his person as by a voluntary appearance. (Citing several authorities.) If the objecting party subsequently participates in the proceedings otherwise than by so objecting, he waives the lack of jurisdiction, although while participating he protests against the court proceeding, because he may not speculate upon the outcome and regard the proceeding as valid if the decision be in his favor and as invalid if it be against him. * * * Where the court erroneously proceeds after such dismissal and the lack of jurisdiction over

the person has not been waived, the remedy of the objecting party is by appeal or writ of error when a final judgment is rendered. *Walker v. Oliver*, 63 Ill. 199.''

In the *McAnsh* case it was contended that the court had no jurisdiction to vacate a judgment entered at a former term, but it was there held that the point had been waived, the court saying (p. 564): ''However, it is not necessary to rest our decision upon the point as to the jurisdiction of the court either to enter the default order or to set it aside, for plaintiff waived any error there might have been in vacating the judgment by joining issue with the pleas of defendant, appearing upon a motion to quash portions of a deposition, consenting to a trial and participating therein by the introduction of testimony and otherwise, arguing a motion for a new trial and a motion in arrest of judgment.''

Under the authorities above cited and numerous other cases decided by this and the Supreme Court, we are clearly of the opinion that the question whether Judge McGoorty had jurisdiction to enter the order vacating the decree was waived by the complainant. The record fails to show even an objection to the action taken by Judge McGoorty on the ground that he had no jurisdiction. But it appears that when defendant filed his petition to have the divorce decree set aside on the ground that he had not been served by the sheriff with the summons, complainant met and tried that issue before Judge McGoorty, and after the order vacating the decree of divorce had been entered, complainant, on her own motion, obtained the entry of an order on defendant to answer her bill of complaint. Subsequently defendant filed a cross-bill and the complainant was ruled to answer, which she did. Afterwards various steps were taken, all with a view of trying the divorce case on its merits. The complainant having failed to make any point before Judge McGoorty that he was without jurisdiction, and hav-

ing proceeded to a hearing on the validity of the sheriff's return on its merits, and having further procured affirmative action by the court in her behalf, she must be deemed to have waived any such question. Therefore, she should not afterwards be permitted to raise that issue.

The order of the circuit court of Cook county purporting to set aside the order entered by Judge McGoorty, and dismissing the cross-bill, is reversed and the cause remanded with directions to try the issues raised by the bill and cross-bill on their merits.

*Reversed and remanded with directions.*

Thomson, P. J., concurs.

Taylor, J., specially concurring: I concur in the foregoing opinion, but it is my judgment that, in announcing the law generally, it should be stated that it makes no difference whether the cause in which the sheriff's return is challenged is one at law or in equity.