THOMAS ALTHROP
v.
CHARLES H. BECKWITH.

1. BURDEN OF PROOF.—The law casts the *onus* of establishing an estoppel by judgment upon him who invokes it.

2. ESTOPPEL BY JUDGMENT.—Estoppels arising from judicial proceedings must be certain.  To be a bar to future proceedings, it must appear that the former judgment *necessarily* involved the determination of the same fact, to prove or disprove which it is offered in evidence.  It is not enough that the question was in issue in the former suit.  It must also appear to be precisely determined.  The court is of opinion that the record in the former suit, unaided by extrinsic evidence, was insufficient to prove the fact of the existence and validity of the verbal contract in question and operate as an estoppel, and that the extrinsic evidence introduced was not sufficient to help out such record.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.  Opinion filed April 24, 1884.

This action was assumpsit, brought by Beckwith against Althrop, the declaration containing two special counts, and the ordinary common counts.  The first special count set out by way of inducement that the plaintiff, Beckwith, being in partnership with one Leavitt and one Foster, carrying on the business of dealers in proprietary medicines, under the firm name of C. H. Beckwith & Co., the firm was about to dissolve but being unable to agree upon the terms, they submitted the

matter to arbitrators, who made an award that the plaintiff pay Leavitt & Foster $2,900, assume and pay the debts of the firm and take the assets and business of the concern, of all which the defendant had notice. Then it alleges that November 1, 1881, the plaintiff and defendant entered into a contract, whereby, in consideration that the plaintiff would sell to the defendant all his right, title and interest in and to the assets, business and good will of said firm, he, the defendant, would purchase the same and pay the plaintiff therefor the sum of $2,500, $500 of which to be paid on the 1st day of December, and the balance in payments of one hundred or fifty dollars, as defendant could conveniently make the same; that he would assume and pay the debts and liabilities of said firm, also the amount which Leavitt & Foster were entitled to receive from plaintiff as aforesaid, averring for breach the non-payment of said two thousand dollars. The plea was the general issue. On the trial the plaintiff gave testimony tending to prove a verbal, express contract, substantially as laid in his special counts; and in order to conclude and estop the defendant from contesting the existence of such contract, the plaintiff, after laying a foundation therefor, by extrinsic evidence, which the court below, against the defendant's objection, held sufficient, introduced in evidence the record of a former suit between the same parties, comprising a declaration, plea of the general issue, a verdict finding the issues for the plaintiff and assessing his damages at $513.83, and the usual judgment thereon. The said declaration was in assumpsit, contained one special count upon a contract similar in terms to one set out in the special counts of the declaration in the present suit, averring for breach the non-payment of five hundred dollars.

There was but the testimony of one witness to lay the foundation for the admission of the verdict and judgment in the former suit, to estop the defendant from contesting the existence of such special contract; and he stated that he was sworn as a witness in such former suit, and testified then the same as he had in this present suit. Then he was asked by plaintiff's counsel this question: " State whether there was another sub-

ject-matter in controversy in that suit between these parties, and this contract and the liability of Mr. Althrop?" To which he answered: "And the subject-matter was Mr. Beckwith tried to get his pay, $2,500, or $500, that portion of it that was then due." Ques. "Under this contract?" Ans. "Yes, sir." Ques. "That was the claim?" Ans. "That was the claim, that is, in substance." Ques. "Was there anything else, any other claim?" Ans. "The counsel struck a little outside of that."

The defendant gave testimony tending to show that he did not enter into any contract relating to the subject-matter.

The court at the instance of the plaintiff gave the jury the following instructions:

3. "The first special counts in the declaration in this suit and in the former suit in this court between these parties are substantially on the same contract of sale and purchase. The verdict and judgment in the former suit are conclusive between these parties upon the issues joined and tried in that case; and if you believe from the evidence that the evidence in that former suit and upon which the recovery in that case was had, was only upon the subject of the five hundred dollars which Beckwith claimed that Althrop agreed to pay him on the first day of December, 1881, as a part payment for his interest and right in property and assets and business of C. H. Beckwith & Co., then the verdict and judgment in that case are conclusive upon the defendant, that he bought from Beckwith his right, title and interest in that property and assets, and that when that suit was brought Althrop owed Beckwith that five hundred dollars."

7. "The real issue in this case is whether *any* contract was made between these parties, for the sale on the one hand, and for the purchase on the other of the property, assets and business of C. H. Beckwith & Co. The plaintiff claims that there was such a contract made and consummated. The defendant claims that he never made any contract at all, but that it rested in mere propositions on his part, which Beckwith never fulfilled. If you believe from the evidence that the only cause of action upon which evidence was given in the former

suit, was the one founded upon a sale and purchase of the plaintiff's rights and interest in that property and business, you must take the verdict and judgment in that case as conclusive evidence that a contract of sale and purchase was made."

The jury found for the plaintiff, assessing his damages at $6,000, on which judgment was given and the defendant brings error to this court.

W. G. & A. T. EWING, for plaintiff in error.

Messrs. SLEEPER & WHITON, for defendant in error.

McALLISTER, P. J.   The only cause of action which the plaintiff below sought to make out on the trial, was the sum of two thousand dollars claimed to be due and owing to him by the defendant below, upon an alleged verbal express contract, set out in the special counts of his declaration.   The fact of the making any such contract, in respect to the subject-matter in question, was denied and strongly contested by the defendant.   Such alleged contract being verbal, the questions whether the minds of the parties came to an agreement, and what were the terms and conditions of that agreement, would ordinarily be matters of fact to be determined by the jury, under the proper instructions of the court.

The plaintiff below, in order to stop the defendant and conclude him from contesting the existence or validity of said alleged verbal contract, by a verdict and judgment in a former suit between them, gave in evidence a declaration, plea, verdict and judgment in said former suit.   Such declaration was in assumpsit, containing one special count upon a contract in terms similar to, but not the same as, either of those set out in the special counts in this present suit, averring for breach, the non-payment of five hundred dollars on or before Dec. 15, 1881; also all the common counts in assumpsit; the plea was merely the general issue, the verdict was general, finding the issues for the plaintiff, and assessing his damages at five hundred and thirteen dollars and eighty-three cents; the judgment was the ordinary one upon such a verdict.

The general rule applicable to such a case is, that the law casts the *onus* of establishing an estoppel upon him who invokes it. Freeman on Judgments, 1st ed., § 276, and cases in note 4. In this case, the plaintiff below invoked the estoppel; the burden of establishing it was therefore upon him. Did he establish it? The answer to that question requires an answer to two others, viz.: 1. Were the verdict and judgment in such former suit conclusive evidence of the existence and validity of the alleged verbal contract in question in this present suit, without the aid of extrinsic evidence? 2. If not, then was there extrinsic evidence offered by the plaintiff, of such definiteness as to produce such certainty as the law holds indispensable to an estoppel in such cases?

Looking at the record in such former suit, it is impossible to say that the verdict and judgment there, afford conclusive evidence of the existence and validity of the verbal contract in question, in this present suit, even if we assume that the contract set out in the special count in that suit was substantially the same as that set out in one or the other of the special counts in this present suit, because it does not appear from the record of such former suit, that the existence and validity of such contract was a point or matter actually or necessarily passed upon by the jury in that case. For aught that appears upon the face of the record, they may have rendered their verdict upon the common counts. The Washington Steam Packet Co. v. Sickles, 24 How. (U. S.) 333; Ridgely v. Stilwell, 27 Missouri, 128; Lawrence v. Hunt, 10 Wend. 88.

In order to render the verdict and judgment in the former suit conclusive upon the question of the existence of such verbal contract, without the aid of extrinsic evidence, the record should show with convenient certainty that the precise point was determined, because if it merely shows that one or more of several distinct matters was, or might have been, determined, without indicating which, then the whole will remain at large, and there can be no estoppel. The cases all show that estoppels arising from judicial proceedings must be certain. Wood v. Jackson, 8 Wend. 36, where these propositions were affirmed by Chancellor: "A verdict can not be

urged as an estoppel to the litigation of a fact which was not absolutely necessary to the finding of the verdict in the previous suit." King v. The Inhabitants of Knaptoft, 4 Dow. & Ryl. 469: "And the court will never go into an examination of the jurors in the former cause, to ascertain upon what grounds their verdict was pronounced. Neither will a verdict be considered as an estoppel merely because the testimony in the first suit was sufficient to establish a particular fact." Burton v. Shaw, 14 Gray, 433–9; Aiken v. Peck, 22 Vermt. 225. In Foster v. Busteed, 100 Mass. 409, the court announces what seems, from the weight of authority, to be the true rule: "To be a bar to future proceedings, it must appear that the former judgment *necessarily* involved the determination of the same fact, to prove or disprove which it is offered in evidence. It is not enough that the question was in issue in the former suit. It must also appear to be precisely determined."

It is clear from the above authorities, that the record in the former suit, unaided by extrinsic evidence, was insufficient to prove the fact of the existence and validity of such verbal contract, and operate as an estoppel upon the defendant below. And we are of opinion that the parol or extrinsic evidence introduced was not sufficient to help out such record. It was lacking in the definiteness and certainty which the law holds indispensable to an estoppel by judicial proceedings. There is nothing contained in it which shows, with any degree of certainty, that the precise point or matter was actually or necessarily determined by the verdict in that case.

By the third instruction for plaintiff below, the jury were instructed in these words: "The first special counts in the declaration in this suit, and in the former suit in this court between these parties, are substantially on the same contract of sale and purchase. The verdict and judgment in the former suit are conclusive between these parties upon the issues *joined and tried* in that case."

By the first of these propositions, the court assumes to pass upon the question of the identity of the alleged contracts in the two suits. Taking the evidence of the plaintiff below to

be true, he and the defendant made two verbal contracts in reference to the subject-matter which were substantially different in terms.    It seems to us that the question of the identity of contracts was one of fact to be determined by the jury. 1 Greenl. on Ev., Redf's Ed., § 532, and cases in note 2.

But taking both propositions together, they amount to a direction by the court, that the verdict and judgment in the former suit were *per se* conclusive as to the existence of the contract, set out in the special count in the former suit; that the contract set out in the present suit was the same, and thus leaving the jury to draw the inference that the contract in the present suit was thereby conclusively established. The authorities above cited clearly show, that under the record in the former suit, the verdict and judgment therein can not, from such record, be regarded as conclusive of the existence and validity of the contract set out in the special count in that suit, merely from the issues joined and tried in that case, because such issues involved other and distinct matters. They show that it was not sufficient that the fact of the existence of such contract was in issue, or even that evidence was given in support of it in such former suit; but that the burden was upon the plaintiff below, who invoked the estoppel, to show with convenient certainty that such fact was actually or necessarily determined by the verdict.    That instruction was improper, misleading and should not have been given.

By the eighth instruction for plaintiff below, the jury were told that "the *real* issue in this case is, whether *any* contract was made between these parties for the sale, on the one hand, and for the purchase, on the other, of the property, assets and business of C. H. Beckwith & Co."    That direction was so manifestly erroneous and misleading that we shall waste no time in analyzing it.    For the errors pointed out, the judgment of the court below should be reversed, and the cause remanded.

Judgment reversed.