## Charles B. Prouty, et al. v. William L. Moss, et al.

### Gen. No. 10,673.

1. VOID ORDER—*power of court over.* Where the court has entered an order which is void *ab initio*, it has power upon reasonable notice at any time within five years, to set the same aside. (Kronenberger v. Heinemann, 104 Ill. App. 156, overruled in part.)

2. VOID—*when order against a party deceased is not.* An order is not void but is voidable, where at the time of its entry the party against whom it was entered was dead but such fact did not appear of record.

3. ERROR CORAM NOBIS—*what will not reach.* Where a judgment

Prouty v. Moss.

is rendered against a person who has died after service but before judgment, such fact cannot be corrected by appeal or error, unless in some proper way the fact of such death is made to appear of record.

4. EXPRESS TRUST—*essential to be in writing.* An express trust pertaining to real estate must, in the absence of fraud, be evidenced by some memorandum thereof, signed by the party to be charged therewith.

5. COURT OF EQUITY—*will not perform useless acts.* Where a bill of revivor has been filed and the question arises as to the propriety of its maintenance, the court will consider not only its merits, but the merits of the proceeding sought to be revived, and if the merits of the original cause were properly adjudicated against the complainant in the bill of revivor, the relief sought thereby will be denied.

Bill of revivor. Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed December 21, 1903. Rehearing denied January 11, 1904.

JAMES SMITH, for plaintiffs in error.

HENRY M. BACON, for defendants in error.

GEORGE M. WILSON, *guardian ad litem* for infant defendants in error.

MR. JUSTICE WINDES delivered the opinion of the court.

August 29, 1841, John S. Newhouse was married to Sylvia Dale, and they remained husband and wife until the death of the former on May 8, 1882. May 10, 1855, and in the year 1852, said John purchased with his own money certain real estate described in the bill, and caused the title to the same to be conveyed to his said wife Sylvia upon the distinct understanding and agreement between them, as it is alleged in the bill, at the time said conveyances were made, that the titles to said property should be taken in the name of said Sylvia, and that she should hold said titles for his sole use and benefit, and not otherwise. She continued to hold said titles until her death, which occurred December 26, 1890, though she denied her said husband any enjoyment and benefit of the property for some time prior to his death—just how long does not appear, except that it is alleged in the bill that she did so as early as February

9, 1882, on which date the said John filed a bill against her, seeking a decree directing that she deed to him said real estate, and during the pendency of the suit, that a receiver be appointed to take charge of the property. The foregoing facts in the main appear from the allegations of the bill filed February 9, 1882. Said Sylvia filed her answer to that bill, but no further proceedings were taken in the case up to the death of said John, and it appears that the court on July 10, 1883, entered an order in that case as follows:

"On motion of solicitor for complainant, it is ordered that this cause be and the same is hereby dismissed out of this court at the complainant's costs."

Nothing appears in the record in that case to show that John S. Newhouse died on May 8, 1882, or that the Circuit Court was in any way informed of his death until the present bill was filed on June 17, 1897, by Charles B. Prouty, as administrator with the will annexed of said John S. Newhouse, deceased, and Hattie E. Swift, an heir-at-law of Mary E. Spencer, otherwise known as Mary E. Newhouse, a devisee of said John S. Newhouse, against William L. Moss, the executor and trustee of said Sylvia and others interested in said real estate, by which it is sought to have declared void the order of July 10, 1883, dismissing the bill of said John S. Newhouse against his said wife, and to have that suit stand revived and be in the same state and condition as it was at the time of the death of said John S. Newhouse, and for general relief.

Several of the defendants demurred to the bill of plaintiffs in error generally and specially, assigning, among other causes of demurrer, that the bill set up and sought to enforce an express trust, and was void under the Statute of Frauds of this state because not evidenced by any writing, as by such statute required, and that the bill and original bill sought to be revived allege no excuse for the delay in filing said original bill and no excuse for the delay in filing this bill. These demurrers were sustained and the bill dismissed as to the defendants so demurring. The bill was also dismissed on motion of complainants' solicitor as

to the defendant The Provident Life Insurance Company without costs, and as to other defendants, presumably on motion of complainants' solicitor, and was taken as confessed against Charles S. Spencer, though there does not appear from the abstract to have been any service of process upon him or an entry of appearance by him. Two infant defendants, Adeline and Gordon A. Perry, answered the bill by their guardian *ad litem*, submitting their interest to the protection of the court. The cause was heard by the chancellor upon the bill and answer of the infant defendants and upon the testimony taken and offered by the complainants in open court, and a decree rendered dismissing the bill as against the two infant defendants at complainants' costs. To review these decrees dismissing the bill, both upon the said demurrers and said hearing as to the infant defendants, this writ of error was sued out by the said complainants.

Counsel for plaintiffs in error contend that the order of the Circuit Court dismissing the original bill of John S. Newhouse was void because, at the time it was entered, John S. Newhouse was dead, and there had then been no substitution of any party complainant in the cause in his stead, and, therefore, plaintiffs in error are entitled to have that order set aside and the original bill revived. If the order was void, as claimed, then the Circuit Court could on motion have set it aside, and there was no necessity to file a separate bill for that purpose. In Keep v. Crawford, 92 Ill. App. 588, we considered this question, and the different sections of the statute relating to chancery practice and abatement are there fully reviewed. We held that inasmuch as the abatement statute provides that the death of a sole complainant shall not abate the suit, and makes provision as to what the proceeding should be in that case, viz.: suggesting the death upon the record and substituting the party to whom the cause of action shall survive, that is the proper practice, and the filing of a bill of revivor was improper, and there was no error in sustaining a demurrer to such a bill because of the statutory provision.

What was said in Kronenberger v. Heinemann, 104 Ill. App. 156, which indicates any other practice was proper, was not necessary to the decision of that case, and is in conflict with the previous ruling of this court in the Keep case, *supra*, to which we adhere after consideration of the petition for rehearing herein.

There was, however, nothing before the Circuit Court at any time prior to or at the time the original bill was dismissed, to inform it of the death of John S. Newhouse, and therefore the order dismissing the original bill was not void, but merely voidable. Claflin v. Dunne, 129 Ill. 241–7, and cases cited.

The fact of the death of John S. Newhouse could have been brought to the attention of the Circuit Court by a motion in writing made at any time during the term when the original bill was dismissed, upon reasonable notice. This was not done, and the decree being final, an appeal could have been taken during the term, and a writ of error might have been prosecuted therefrom within five years from its rendition, but no such proceeding was taken, and more than five years elapsed before the present bill was filed. Rev. Stat., Hurd, Ch. 110, Sec. 84. An appeal or writ of error could not, however, have availed plaintiffs in error until by some proper means the fact of Newhouse's death was made to appear in the record.

We think the order in question being merely voidable, the proper procedure for plaintiffs in error was by a motion to set aside the order dismissing the original bill, and to be substituted as complainants in that case instead of John S. Newhouse. This, however, they failed to do at any time, and they are consequently debarred from any relief under that bill. It follows, therefore, that the chancellor did not err in sustaining the demurrers to this bill, which merely seeks, by a revival of that suit, to obtain the relief sought by that bill. The fact that the chancellor heard evidence on the hearing under the answer of the infant defendants, in no way changes the right of plaintiffs in error in this regard, since it was the duty of the chancellor, the infants being

the wards of the court, to give them every benefit to which they would have been entitled under demurrers such as were interposed by the other defendants. If, however, the merits of the bill are considered, it seems clear that the court was right in dismissing it, for the reason that the bill seeks to enforce an express trust which is not alleged to have been in writing. There being no allegation that Sylvia D. Newhouse signed any writing by which she agreed to hold in trust for the benefit of John S. Newhouse the title to the property in question, and there being no allegation in the bill of any fraud on her part by which she acquired the title, the bill was clearly demurrable for the reason that the alleged verbal trust is void under the Statute of Frauds. Mayfield v. Forsyth, 164 Ill. 32–5; Biggins v. Biggins, 133 Ill. 211–18, and cases cited; Johnston v. Johnston, 138 Ill. 385–8.

In the Biggins case, the Supreme Court in passing on this question, among other things, said, citing previous cases :

" So far as appears from the evidence, the land was conveyed to Catherine Biggins on her mere verbal promise to hold it in trust for Frank Biggins, and it needs no argument to prove that a promise or agreement of this character, under which a trust is attempted to be established, falls within the statute."

The court held the promise void because of the Statute of Frauds, and further said, " had Catherine Biggins obtained the execution and delivery of the deed by undue means of fraud, on a parol promise to hold the land in trust for the grantor, a court of equity would not hesitate to lend its aid to enforce the trust." To the same effect are the other two cases cited.

On petition for rehearing it is again urged that we should not have passed upon the merits of the original bill. Authorities from other jurisdictions cited seem to sustain learned counsel, but they do not, in our opinion, militate against the general principle, which may be said to be almost a maxim, that a court of equity should never do a vain or useless thing. What benefit could it be to plaintiffs in error to revive the original bill, if, upon a hearing of the case, no

relief could be granted them? Certainly none, and the time of the court would be needlessly taken in considering and rendering a decree in a case against plaintiffs in error which might as well be rendered on the hearing of the present bill. Mills v. Green, 159 U. S. 651–3, and cases cited; Tennessee v. Candon, 189 U. S. 64–71.

It seems unnecessary, in view of these conclusions, to discuss other questions raised by counsel for plaintiffs in error, in support of the bill, nor questions raised by defendants in error in support of the court's rulings, and the said several decrees of the Circuit Court are therefore affirmed.

*Affirmed.*