## Robinson & Company, Appellant, v. Andrew Marr et al., Trading as Clay, Robinson & Company, Appellees.

## Gen. No. 17,387.

1. JUDGMENT—*former adjudication.* Where a judgment is relied on as an answer and bar to the whole cause of action, or as a former adjudication of the entire cause of action, it must appear that the cause

of action and the thing sought to be recovered are the same in both suits.

2. JUDGMENT—*estoppel by judgment.* Estoppel by judgment may be availed of as a defense to the whole cause of action without regard to whether or not the subject-matter of the suit and the cause of action are the same in both suits, provided the parties to the second suit were also parties or privies to the parties in the former suit.

3. JUDGMENT—*when operating as an estoppel.* For a judgment in a former suit to operate as an estoppel there must be no uncertainty as to the precise question raised and determined in such suit; and it must appear upon the record or by extrinsic evidence that that precise question is a controlling issue in the second suit.

4. JUDGMENT—*extent of estoppel.* The estoppel of a judgment extends only to the question directly in issue and not to any incidental or collateral matter, though it may have arisen and been passed upon.

5. JUDGMENT—*estoppel.* In estoppel by judgment it is not sufficient to show that the matter in question was pleaded or in issue in the former suit; it must also appear to be precisely determined and it must appear that the former judgment necessarily involved the determination of the same fact, to prove or disprove which it is offered in evidence.

6. JUDGMENT—*estoppel must be mutual.* In estoppel by judgment the estoppel must be mutual and binding upon both parties.

7. JUDGMENT—*when collateral issue is not decided.* Where a trustee in bankruptcy, in behalf of the sole creditor, seeks to recover property of a bankrupt on an issue whether it belonged to the bankrupt at the time he transferred it to his wife, and the answer averred that he had held the property as agent for his wife and had owned no property for five years prior thereto, such facts are but evidentiary of the real issue and are not determinative of the fact whether the bankrupt owned other property, and a judgment against the trustee will not operate as an estoppel against such creditor garnisheeing other property in another state.

8. APPEALS AND ERRORS—*propriety of entering final judgment.* Where the Appellate Court determines that evidence offered by the appellant was improperly excluded, but that the appellee had no occasion to offer certain evidence at its command until appellant's evidence was admitted, such court cannot properly enter a final judgment for the appellant.

Appeal from the Circuit Court of Cook county; the HON. THOMAS J. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed June 30, 1913. Rehearing denied July 24, 1913.

Alden, Latham & Young, for appellant; Charles Martin, of counsel.

George V. McIntyre, for appellees.

Mr. Justice Duncan delivered the opinion of the court.

July 14, 1898, C. C. Binkley, for the use of Robinson & Company, appellant, a corporation, began a suit on a judgment against Andrew Marr and sued out a writ of attachment in aid, which on said date was served upon John Clay, Jr., Charles O. Robinson and William H. Forrest, composing the firm of Clay, Robinson & Company, appellees, as garnishees. The death of C. C. Binkley was later suggested on the record and the suit thereafter proceeded in the name of the beneficial plaintiff, Robinson & Company. Two appeals have been prosecuted to the Appellate Court from judgments in favor of the garnishees. We refer to the two opinions of the court found in 112 Ill. App. 332 and 145 Ill. App. 178, where comprehensive statements of the cause may be found as it was then presented to the court. November 13, 1909, after the cause was redocketed the second time, a personal judgment was entered against the defendant, Andrew Marr, for $1,659.34. January 16, 1911, the date of the last trial, the garnishees had on file, first, their original answers to the interrogatories; second, their answer or plea filed May 14, 1904, in substance, that the cattle sold by them in the name of A. Marr were, in fact, the property of Mary E. Marr; third, a plea of *res adjudicata* filed September 28, 1910, in substance, that the issues in garnishment were litigated and settled in a suit at law begun in the United States District Court of Iowa, September 2, 1901, by one George F. Castle, as trustee in bankruptcy, in behalf of said C. C. Binkley against the First State Bank of Corwith, Andrew Marr and Mary E. Marr. Issues were formed on all

these answers or pleas by replications filed by appellant. In a trial without a jury the court entered a finding and judgment in favor of the garnishees, quashing the writ of attachment and discharging the garnishees, from which judgment this appeal is prosecuted.

The court apparently decided the case upon the issues on the said third plea of *res adjudicata*, holding that the Iowa judgment was a bar to this action against the garnishees. The issues under that plea were heard upon an agreed state of facts with the right reserved to appellant to object to the competency and materiality of the facts on these issues, the agreed facts being, in substance, these: Andrew Marr was adjudged a bankrupt in said United States District Court in April, 1901, scheduling but one debt, the said debt owed C. C. Binkley who filed his claim in said bankruptcy court; that said Castle was elected trustee in bankruptcy and began suit as such trustee September 2, 1901, and averred in his petition, in substance, that as such trustee he was owner of the proceeds of a sale of personal property of Andrew Marr, at public auction in Hancock County, Iowa, amounting to $1,409.90, evidenced, in part, by five promissory notes, payable to said Marr at First State Bank of Corwith, Iowa, and indorsed by Marr to the order of M. E. Marr, April 15, 1901, and then in possession of said bank for safe-keeping; that $359.90 cash of said proceeds of sale was paid to said bank on account of said Marr, and was in possession of the bank February 28, 1901; that when said petition in bankruptcy was filed there was to the credit of said Marr in said bank $546.33, for which sum, at the same time the notes were indorsed, Marr drew his check on said bank to order of M. E. Marr (Marr's wife), and said cash sum was credited to her account, all of which was done for the purpose of placing said notes and money beyond the reach of Marr's creditors, and were transfers creating a preference in favor of Mrs. Marr over other creditors and

within four months next preceding the filing of the
petition in bankruptcy proceedings; that the bank
claims to hold the same as custodian under direction
of Marr and that Mrs. Marr has made no claim to
the same to the said trustee. The trustee asked judg-
ment for the property, or the value thereof, if not
found; that answers were filed by Marr for himself
and as administrator of Mrs. Marr, then deceased;
admitting said transfers to his wife, but averring that
none of said moneys and credits belonged to him on
April 15, 1901, or within four months prior thereto,
and that they were at those times the property of his
wife, and in the third paragraph of said answers it
was averred that for five years prior to said transfers
he was acting as agent for his said wife, and at no
time within said five years, or since, has said Marr
owned or had any property, except as agent of Mary
Marr, except a team of horses; that all of said time
he had authority from her to conduct her business and
handle her property in his name, and that the deposit-
ing and taking of goods and money in his name was
for convenience; that said bank also filed an answer
(the contents of which is not shown by any evidence
in this record); that upon the trial of said cause in
Iowa for the defense evidence was introduced that
said Marr in the year 1905, in Illinois, by bill of sale
transferred all his property to Mary Marr, his wife,
and was then constituted by her her agent to there-
after act for her concerning said property, and had
not owned any property since said transfer, and that
all property in his name since said transfer and up to
said trial was her property and held under said agency,
and that said agency continued unrevoked until her
death in 1901; that said trustee disputed said evidence
and claimed the bill of sale fraudulent, and that said
agency for five years had not existed and did not exist
when said property was transferred; that at the con-
clusion of the evidence the District Court, as to said

evidence and contentions, instructed the jury as follows:

"The question to be determined by you is whether or not the property described in plaintiff's petition was in fact the property of Andrew Marr at the time same was transferred by him to M. E. Marr, on or about April 15, 1901. If such property in fact belonged to Andrew Marr on or about April 15, 1901, the transfer by him at that time to M. E. Marr was and is void and your verdict should be for the plaintiff, but, if in fact such property belonged at that time to M. E. Marr, your verdict should be for the defendant, Andrew Marr, administrator of the estate of M. E. Marr, deceased."

"Evidence has been introduced upon the trial as to the sale of property to M. E. Marr by Andrew Marr in Illinois, and as to chattel mortgages made upon property by Andrew Marr since coming to Iowa. This evidence should be considered by you, if at all, only so far as same may aid you, if at all, in connection with all the other evidence in the case, in determining to whom the property in question in fact belonged on or about April 15, 1901."

That upon the conclusion of the trial in the District Court the jury rendered the verdict, "We find for the defendant, Andrew Marr, administrator of the estate of M. E. Marr, deceased," and that a judgment was entered on said verdict, which remains in full force and effect (but what the judgment was does not appear more definitely in the record as it is not in evidence).

Appellant objected to the competency and relevancy of the foregoing stipulations when offered as evidence, and also contended in the lower court, and now contends here particularly, that the evidence fails to prove that the said judgment of the United States District Court of Iowa was in any wise a bar to a recovery in this case. In this contention it is clear that the appellant must be sustained. Where a judgment is relied on as an answer and bar to the whole cause of action,

or as a former adjudication of the entire cause of action, it must appear that the cause of action and the thing sought to be recovered are the same in both suits. *Markley v. People,* 171 Ill. 260; *Hanna v. Read,* 102 Ill. 596; *Brack v. Boyd,* 211 Ill. 290. It is clear that the cause of action and the thing sought to be recovered in this suit are not the same as the cause of action and the thing recovered in the District Court of Iowa, and the lower court so found and held in written propositions of law submitted by appellant. The real claim of appellees is that there were some specific facts put in issue, adjudicated and determined in the cause in the District Court of Iowa, that are now in issue in this case and controlling in the decision thereof. This species of estoppel is well recognized in the law, and while generally known as an estoppel by judgment, is sometimes technically called an "estoppel by verdict." Such an estoppel may be availed of as a defense without regard to whether or not the subject-matter of the suit and the cause of action are the same in both suits, provided the parties to the second suit tried and sought to be concluded therein were also parties or privies to the parties in the former suit. In this character of estoppel the estopping force or power lies within the judgment itself. It is not the finding of the court or the verdict of the jury that binds or precludes the parties. "In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matter is the judgment conclusive in another action." "The burden of proof is always upon the defendant, who pleads *res judicata* because of a former judgment, to set up that judgment, and show what was determined

by it, and what is common to the subsequent action. The proof must be clear, certain and convincing.'' There must be no uncertainty as to the precise question raised and determined in the former suit, and it must appear upon the record or by extrinsic evidence that that precise question is a controlling issue in the second suit, or the judgment in the first suit will not operate as an estoppel. *Theological Seminary v. People*, 189 Ill. 439; *Cromwell v. County of Sac*, 94 U. S. 351; *Denike v. Denike*, 44 App. Div (N. Y.) 621.

It is claimed by appellees that the matters or facts litigated in the District Court that are controlling in this suit are the facts set forth in the third paragraph of the answers to the trustee in bankruptcy's petition, that Marr conveyed all his property in 1895 to his wife, that he had been her agent from thence to the Iowa suit, and within those dates had owned and controlled no property except as her agent. Waiving the question as to whether or not the parties to this suit are in privity with the parties in the Iowa suit, and whether or not the matters relied on in the plea of estoppel are sufficiently pleaded, it is quite clear that it is not shown by the evidence that these facts were litigated and determined in the Iowa case. The evidence seems to show rather conclusively that it was not determined in that suit that Marr had not owned property within that five years named, and that those facts were only treated by the court as evidentiary facts to be considered in the jury's determination of the real question in issue in that suit, as to whether or not the property there in question was the property of Mrs. Marr. It was not necessary to determine the question as to whether Marr had owned any property at all within the five years named in order to determine whether or not he owned the property in question at the time it was conveyed, and the court evidently did not do so. The estoppel of a judgment extends only to the question directly in the issue and not to

any incidental or collateral matter, though it may have arisen and been passed upon. It is not sufficient to show that the matter in question was pleaded or in issue in the former suit. It must also appear to be precisely determined, and it must appear that the former judgment necessarily involved the determination of the same fact, to prove or disprove which it is offered in evidence. The estoppel must also be mutual and binding upon both parties. If it is not binding upon both parties, it binds neither. *Althrop v. Beckwith,* 14 Ill. App. 628; *Lewis & Nelson's Appeal,* 67 Pa. St. 153.

It would seem to be a ridiculous proposition to say from this record that it was conclusively established and determined by the judgment of the District Court that Marr owned no property at. all within the five years preceding that suit, and that all parties to that suit and their privies are forever estopped to dispute that proposition in any subsequent or prior suit between them as to property not involved in that suit.

The foregoing stipulation of facts was all the evidence offered in this case, until after the court had made its finding for appellees. Appellant then offered its stipulation of facts to make out its case against appellees, the same facts that the Appellate Court held sufficient to entitle appellant to a judgment against appellees, as shown by the opinion of Mr. Justice Baker in 112 Ill. App. 332. Appellees objected to the evidence, because offered too late, and also because the same was incompetent and irrelevant to prove any liability against appellees. The court for reasons not assigned and unknown to this court sustained the objections that the evidence was incompetent and irrelevant, but overruled the other objection that the evidence was not offered in time. We are now asked to enter judgment here for appellant, and stop this litigation, etc. Counsel for appellees stated to the lower court they had other evidence and that the offered

evidence was not the only evidence as to liability of appellees, but failed to introduce it. There was no occasion for appellees to introduce any further evidence until the appellant should be permitted to introduce his evidence in chief. Therefore, we cannot properly enter judgment here.

The holding of the Appellate Court, as disclosed in the said opinion by Judge Baker, with reference to the evidence excluded is sound in every particular, and it is still the law of the case until reversed by a higher court. The court erred in ruling that the evidence was incompetent and immaterial. The whole case should have been heard and not tried piecemeal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*