## Andrew Rybarczyk, Appellee, v. John Weglarz, Appellant.

### Gen. No. 21,852.

1. JUSTICES OF THE PEACE, § 175*—*when appeal is not perfected.* Where the docket of a justice of the peace failed to show any appeal bond was filed in a case decided by him, and none was in fact filed, although one had been approved by the justice and delivered with a transcript of the judgment to the party applying for the same, who thereafter filed such bond and transcript in the Circuit Court, *held* that no appeal was taken, and a judgment entered by the Circuit Court upon such filing was without jurisdiction of the parties or of the subject-matter and void.

2. JUDGMENT, § 298*—*when may be set aside after term.* A trial court has power to set aside a void judgment after the term at which it was entered.

Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed. Opinion filed March 8, 1917.

WALTER H. ECKERT, for appellant.

WILLIAM SHERMAN STAHL, for appellee; STANLEY C. ARMSTRONG, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Andrew Rybarczyk brought suit before a justice of the peace in and for the Town of Elk Grove, Cook county, Illinois, against John Weglarz for $175. The case was tried November 14, 1914, and a judgment was entered in favor of the plaintiff for $10. Afterwards, and within twenty days, plaintiff had an appeal bond approved by the justice and obtained a transcript of the proceedings. The bond was not filed with the justice, but it, together with the transcript, was taken

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by the plaintiff and, on December 2, 1914, filed by him in the office of the clerk of the Circuit Court of Cook county. January 27, 1915, the cause came on for hearing before the Circuit Court. The defendant was defaulted and there was a finding and judgment in favor of the plaintiff for $184.75. After the expiration of the term of court at which the judgment was entered, an execution was levied on defendant's property. On the next day defendant moved the Circuit Court to vacate the judgment and for leave to defend, and in support of this motion submitted the affidavits of himself and the justice of the peace.

The justice swears that on November 4, 1914, after a full hearing, he entered judgment in favor of the plaintiff for $10; that there was no appeal taken at that time; that afterwards the defendant came to his court and paid the amount of the judgment to him; that a few days prior to such payment, the plaintiff asked for a transcript of the record and for the approval of an appeal bond; that he approved the appeal bond; that it was never filed with him, but it, together with the transcript of the record, was taken and retained by the plaintiff; that plaintiff at that time stated that he retained the bond and transcript for the reason that he might afterwards decide to appeal from the judgment, but that he had not then decided whether he would appeal; that at the time defendant paid the judgment, the justice told him that the bond had not been filed and the case had not been appealed; that if the plaintiff should appeal he would notify the defendant.

The defendant in his affidavit swears that, at the time the judgment was entered against him for $10, no appeal was taken; that he afterwards paid the justice $10 who stated that he would satisfy the judgment and turn the money over to the plaintiff; that he again saw the justice who stated that he had sent a check

to the plaintiff in payment of the judgment and that the judgment was satisfied; that the defendant heard nothing further in the matter until the execution was levied by the sheriff, February 15, 1915; that the records of the justice did not show that any appeal bond had been filed; that he had no way of determining whether an appeal had been taken, except by an examination of the justice's docket and interviewing the justice. The affidavit further set up a meritorious defense.

Plaintiff filed a counter-affidavit, wherein he sets forth that before he filed the bond and transcript in the office of the clerk of the Circuit Court, he called on the justice of the peace with his bondsman; that the justice approved the bond and at the same time delivered to him the transcript of the judgment; that he told the justice at that time he was going to appeal the case and furnished the bond for that purpose. The affidavit further set up that the defendant was indebted to the plaintiff in the amount of the judgment entered by the Circuit Court.

The court refused to set aside the judgment, evidently on the ground that the term at which the judgment was entered having expired the court had lost jurisdiction.

A justice of the peace is required by statute to keep a docket showing a record of all proceedings that had been before him. (Paragraph 7021, J. & A. Statutes.)

Paragraph 6976, J. & A. Statutes, provides that appeals may be granted upon the filing of a bond with the justice of the peace, and that when such bond is so filed "the justice shall return all the papers in the case and a transcript of his docket in the case to the clerk of the court to which the appeal is taken, with a certificate under his hand that said transcript and papers contain a full and perfect statement of all the proceedings before him."

The transcript of the justice's docket does not show that the appeal bond was filed. In fact the affidavit of the defendant and of the justice of the peace specifically state that the bond was not filed with the justice, and this was not denied by the plaintiff in his affidavit. Where an appeal is perfected before the justice of the peace, both parties are required to follow the appeal without further notice, no summons or process of any kind being required. The only way in which a party can determine whether an appeal has been taken is by an examination of the docket of the justice of the peace. The justice's docket having failed to show that any appeal bond was filed, and the same in fact not having been filed, no appeal was taken. The Circuit Court therefore acquired no jurisdiction of the parties or of the subject-matter, and the judgment entered against the plaintiff for $184.75 was void. The court has power to set aside a void judgment after the term at which it was entered has expired. *Keeler v. People,* 160 Ill. 179; *Prouty v. Moss,* 111 Ill. App. 536. It necessarily follows that the Circuit Court erred in refusing to set aside the judgment, and for such error, the judgment must be reversed, but as no appeal was ever perfected, it will not be necessary to remand the cause. The judgment of the Circuit Court is reversed.

*Reversed.*