Meyer Levin et al., trading as Chicago Window & Door Screen Company, Appellants, v. Sylvan Metal Products Company et al., Appellees.

Gen. No. 33,114.

Opinion filed March 11, 1929.

WILLIAM R. WILEY, for appellants.

PERLMAN, GOODMAN & SCOLNIK, for appellees; BERNARD T. HECHT, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought an action to recover $80 claimed to be due them from defendants. The statement of claim alleges that defendant the Sylvan Metal Products Company, a corporation, was the general contractor with whom plaintiffs entered into a contract to furnish window screens for a building which the general contractor was constructing for the other defendants on the latters' property. It was sought to establish a lien on the defendants who were the owners of the real estate in question. Attached to and made a part of plain-

tiffs' statement of claim were notices which were given as required by the Mechanic's Lien Act. The summons was served on the owners of the property but not on the general contractor. On the return day of the summons, on motion of plaintiffs, the owners of the property in question were defaulted for want of appearance and judgment was entered on plaintiffs' statement of claim against defendants who were served, being the owners of the premises, for the amount of plaintiffs' claim. This was on January 31, 1928. On May 9 following, defendants moved that the judgment against them be vacated, the motion was continued generally and on May 17, after a hearing, the court entered an order vacating the judgment. It is from this order that the plaintiffs appeal. Defendants, in support of their motion to vacate the judgment, submitted a sworn petition setting up that plaintiffs' suit was brought under section 28 of the Mechanic's Lien Act, Cahill's St. ch. 82 against the general contractor and the owners of the property upon which the improvement was being erected, and that the general contractor had not been served with process nor had it entered its appearance.

Section 28 of the Mechanic's Lien Act, under which this suit was brought, provides that a subcontractor may sue the general contractor and the owners of the property and that. "all suits and actions by sub-contractors shall be against both contractor and owner jointly, and no decree or judgment shall be rendered therein until both are duly brought before the court by process." The section further provides that any judgment rendered shall be against both jointly. In the instant case plaintiffs were subcontractors and to obtain a judgment under section 28 the law required that both the general contractor and the owners of the property should be brought before the court. This was not done, the general contractor not having been served.

It is obvious, therefore, that the court had no jurisdiction and that the judgment rendered against defendants was void. A void judgment may be attacked at any time. *Rybarczyk v. Weglarz,* 204 Ill. App. 232; *People v. Drysch,* 311 Ill. 342.

The order of the municipal court of Chicago vacating the judgment is correct and it is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.