## G. A. Schillinger, Appellant, v. William L. O'Connell et al., Appellees.

### Gen. No. 39,105.

Opinion filed March 15, 1937.

JAMES H. BURR, of Chicago, for appellant.

JOSEPH R. ROTH and BENJAMIN WEINBERG, all of Chicago, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

G. A. Schillinger filed his complaint in chancery against William L. O'Connell as receiver of the West Town State Bank and others, praying that a judgment entered against him by the municipal court on October 4, 1933, in favor of the receiver of the bank, "be set aside and vacated and that plaintiff may be granted a new trial in said cause"; and that the receiver be enjoined from attempting to enforce the judgment. Defendants' motion, in the nature of a special demurrer to the amended complaint, was sustained, the suit dismissed, and plaintiff appeals.

The facts as appear from the complaint as amended are that on May 18, 1931, Schillinger executed his three promissory notes for $2,050, $1,500 and $1,350 respectively to the order of the West Town State Bank, due 30 days after date, and to secure their payment deposited as collateral five real estate bonds of the face value of $5,000. June 11, 1931, the bank was closed by the auditor of public accounts and Thomas B. Roberts was appointed receiver on July 21, 1931. October 4, 1933, Roberts, the receiver, caused judgment by confession to be entered against Schillinger for $2,104.11, the balance due on the notes, together with $166.24, attorney's fees. January 11, 1935, Schillinger filed his verified petition in the municipal court case, praying that the judgment be vacated and set aside, or opened up, and he be given leave to defend, the petition to stand as his affidavit of merits. The municipal court denied the motion. Schillinger appealed to this court, where the judgment of the municipal court was affirmed June 17, 1935. *Roberts v. Schillinger,* 280 Ill. App. 629.

It is further alleged in the complaint that this court affirmed the judgment of the municipal court on the ground that Schillinger was barred by laches, also that he had failed to state a meritorious defense in his petition; that at the time Schillinger filed his petition in the municipal court he was not sufficiently informed of the circumstances attending the pretended sale of the collateral bonds by the receiver of the bank, and that the acts and doings of the receiver "relative to the handling of the said bonds were not known to plaintiff at the time of the filing of his said petition and were not set forth therein, and did not come to his knowledge until immediately prior to the time of filing his said petition in the Municipal court"; that Roberts resigned as receiver June 11, 1934, and was succeeded by O'Connell; that on October 11, 1934, the receiver filed

a creditor's bill in the circuit court of Cook county against Schillinger and others; that at the time of the confession of judgment Schillinger lived in Michigan; that the municipal court of Chicago has no jurisdiction to enter a judgment by confession on a warrant of attorney where more than $1,000 is involved, and therefore it had no jurisdiction to enter the judgment against Schillinger for the $2,104.11; that the warrant of attorney in the notes did not authorize the confession of judgment to include interest on the notes; that defendant had a meritorious defense to the action in the municipal court and a set-off; that Schillinger had purchased from the bank the $5,000 real estate bonds pledged as collateral for the notes; that on May 18, 1931, the fair cash market value of the bonds was $5,000; that on February 8, 1932, Schillinger paid to the bank $1,000 on account of his indebtedness and received one of the bonds and his indebtedness was reduced accordingly; that the receiver did not in good faith sell the bonds for a fair price, but in January, 1933, published a notice that on February 20, 1933, he would sell the bonds at public auction to the highest and best bidder, at the banking room of the West Town Bank; that it was the duty of Roberts to protect the interests of Schillinger in the sale of the bonds; that Schillinger is informed and believes that no sale was held in accordance with the public notice, no auctioneer was employed to conduct the sale, no bids were made or accepted, and that no sale was held in accordance with the provisions of sale contained in the notes; that seven days after the pretended sale the receiver credited $1,300 on the notes; that on such information and belief Schillinger charges the receiver converted the bonds and credited him with a much smaller sum than the fair market value and then resold the bonds at an increased price.

Plaintiff contends that the judgment entered by the municipal court was void for lack of jurisdiction, and therefore may be collaterally attacked in the instant case, although the judgment of the municipal court was affirmed by this court. Of course a judgment that is void may be attacked collaterally at any time. *Rybarczyk v. Weglarz,* 204 Ill. App. 232; *Follansbee v. Scottish-Am. Mort. Co.,* 7 Ill. App. 486.

The question for decision is, whether the municipal court had jurisdiction of the subject matter and of the parties.

Section 2 of the Municipal Court Act, ch. 37, par. 390, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 108.028, provides that the municipal court shall have jurisdiction of cases designated as of the first class "which shall include (a) all actions on contracts, express or implied, . . . when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000)''; but plaintiff contends that a proceeding to confess judgment is not an ''action'' and cites cases from other jurisdictions such as *Dullard v. Phelan,* 83 Iowa 471. In discussing that case counsel for plaintiff says that it was ''held that a judgment by confession is one entered without action,'' and in support of this the Iowa court cites sec. 2894 of the Code. We think this case and the other authorities cited by counsel are not in point.

In *Trustees of Schools v. Farnsworth,* 278 Ill. App. 474, the court said (p. 483): ''The term 'action' has been used as synonymous with the terms 'case,' 'cause,' and 'proceeding at law.' '' 1 C. J. 928. But we think it unnecessary to discuss the authorities further on this question because we must construe the statute as we find it in the Municipal Court Act. It has been so construed since the establishment of the court more than 25 years ago, because throughout that period the municipal court of Chicago has been entering judgment by confession on notes where the amount involved is

more than $1,000. Where judgment by confession is entered by the municipal court, as in the instant case, the proceeding is an action on an express contract and comes clearly within the meaning of section 2 of the Municipal Court Act.

Section 88 of ch. 110 of the Practice Act of 1907 provides, "Any person for a debt *bona fide* due may confess judgment by himself or attorney duly authorized either in term time or vacation, without process." That same provision is found in sec. 50 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 178; Jones Ill. Stats. Ann. 104.050. Section 28 of the Municipal Court Act, ch. 37, Ill. State Bar Stats. 1935, ¶ 416; Jones Ill. Stats. Ann. 108.051, provides: "That, until otherwise provided by the rules of said Municipal Court . . . cases of the first class mentioned in section two (2) of this Act shall be commenced and prosecuted in said Municipal Court in the manner which may be provided by the rules of said court which may be in effect at the time of the taking effect of this amendatory Act, or, in matters not covered by said rules, in accordance, as near as may be, with the practice prescribed by law for similar cases in other courts of record."

Rule 22 adopted by the municipal court and which was in force and effect at the time of the entry of the judgment by the municipal court, October 4, 1933, expressly provided that section 88 of the old Civil Practice Act of 1907, which we have above quoted, shall apply to and govern all civil proceedings in the municipal court as far as the same may be applicable and not inconsistent with the Municipal Court Act. The effect of this rule was to make applicable the provisions of section 88 of the Practice Act of 1907, which authorized the confession of judgment by the municipal court in the same manner as such judgment might be entered in other courts of record.

The municipal court had jurisdiction of the subject matter at the time the judgment by confession was entered. Moreover, defendant, Schillinger, having entered his written motion in that court, supported by a verified petition to vacate the judgment and for leave to defend, thereby entering his appearance if such personal appearance were further required, the judgment cannot be attacked collaterally as is sought to be done in the instant case.

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.