John J. Moser et al., Appellants, v. Marie Feciura et al., Appellees.

Gen. No. 43,191.

Opinion filed January 8, 1945.   Released for publication January 29, 1945.

JOHN A. BLAKE and JOHN J. MOSER, both of Chicago, for appellants.

FRANK R. SCHNEBERGER and EDWIN T. SCHNEBERGER, both of Chicago, for appellees.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiffs as creditors of S. George Feciura, deceased, appeal from an order dismissing their suit to set aside certain conveyances whereby real estate belonging to the deceased became vested in Claire and Margaret Feciura, his daughters.

The defendants are the two daughters, Marie Feciura, their mother and widow of the deceased, and the Chicago Title and Trust Company, trustee under a trust deed given to secure a $5,000 indebtedness. The motion to dismiss was under section 45 of the Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 169; Jones Ill. Stats. Ann. 104.045], setting up the alleged deficiency of the complaint, and under section 48 [Ill. Rev. Stat. 1943, ch. 110, par. 172; Jones Ill. Stats. Ann. 104.048], setting up an order of the probate court of Cook

county in a citation proceeding in the estate of the deceased instituted by one of the plaintiffs as *res judicata* of the matters presented by the complaint. The case was disposed of on the latter ground, with no consideration given to the first ground urged for dismissal.

Anna Drauschak, one of the plaintiffs, filed her petition in the probate court stating that her claim had been allowed in the sum of $1,577.61; that she believed Arthur G. Essert, Marie Feciura, widow of the deceased, S. A. Yaeger, trust officer of Prairie State Bank, and R. F. Crowley, one of the officials of Home Owners Loan Corporation, had knowledge or information concerning property belonging to the estate and that they or some of them "have in their possession or control certain property belonging to S. George Feciura, deceased, or to his estate, consisting of certain beneficial certificates representing the beneficial interests in the real estate located at 2330 N. Lowell Ave., Chicago, and that said persons wrongfully refuse to deliver the same to the administrator of this estate," and praying that each of said individuals be cited to appear before the court and be compelled to answer interrogatories touching the beneficial interests in the property mentioned, and that "the proper order of this court be entered upon such examination if it be found that such beneficial certificates are the property of the said S. George Feciura, or of the estate of the said S. George Feciura, deceased or of the administrator thereof." A citation was issued on the petition directed to S. A. Yaeger, 1 W. Madison Ave., Oak Park, Illinois, care Prairie State Bank, and the return thereof shows service upon him personally. After hearing, an order was entered in the probate court finding that no assets of the estate, either real or personal, were in the possession of or under the control of the respondents or either of them; that the estate had no right, title or interest in the real estate located at 2330 N.

Lowell Ave., Chicago, and that title to said real estate "is now held by Prairie State Bank, Oak Park, Illinois, a corporation of Illinois, in Trust, and that the beneficial interests and right of ownership in said real estate is vested in Claire Feciura and Margaret Feciura." It was therefore ordered that "all the respondents named in said petition, being Marie Feciura, Arthur G. Essert, Prairie State Bank, a corporation, Home Owners Loan Corporation, be, and they are hereby discharged," and that "Prairie State Bank, Oak Park, Illinois, a corporation of Illinois, Trustee as above set forth, is hereby authorized and empowered to transfer and convey to said Claire Feciura and Margaret Feciura, upon their joint request and demand, all its right, title and interest, as Trustee, in and to said above described real estate." In the trial court counsel for plaintiffs contended that "a judgment such as was entered in the probate court was an absolute nullity, was not binding upon the plaintiffs in this case and that the probate court never had jurisdiction of the subject matter or the parties."

On appeal plaintiffs take the position that Claire and Margaret Feciura and the Prairie State Bank, named in the order of the probate court, were not parties to that proceeding and that the court had no jurisdiction of them, and that the judgment entered therein cannot be interposed in bar of this action. It is plain that the order of the probate court was a nullity for want of jurisdiction of the subject matter and of the persons of Claire and Margaret Feciura and the Prairie State Bank. The petition for citation is directed against S. A. Yaeger, an individual who is described as a trust officer of the Prairie State Bank; the citation was served upon Yaeger individually; Claire and Margaret Feciura were not mentioned in the petition and neither they nor the bank appeared in that proceeding. An adverse judgment or order would not bind them. A favorable order cannot bind plaintiffs. *Schafer v. Ro-*

*billard*, 370 Ill. 92, 100; *Chicago & A. R. Co. v. Keegan*, 152 Ill. 413, 423; *Robinson & Co. v. Marr*, 181 Ill. App. 605, 613. Furthermore, the present Probate Act governing citation proceedings (sections 183, 184 [Ill. Rev. Stat. 1943, ch. 3, pars. 335, 336; Jones Ill. Stats. Ann. 110.432, 110.433]) is limited to "any personal property, books of account, papers, or evidences of debt or title to lands which belonged to a person whose estate is being administered in that court or which belongs to his estate or to his executor, administrator. . . ." In construing similar provisions in sections 81 and 82 of the Administration Act, which the present Probate Act superseded, it was held in *In re Estate of Miller*, 311 Ill. App. 280, that the probate court was without jurisdiction in a citation proceeding to adjudicate title to real estate and that the sections referred to do "not purport to confer upon probate courts general equity jurisdiction which general equity jurisdiction probate courts do not possess," citing in support of its conclusion *Johnson v. Nelson*, 341 Ill. 119, *Wilson v. Prochnow*, 359 Ill. 148, *In re Estate of Shanks*, 282 Ill. App. 1, and *Dixon v. Nefstead*, 285 Ill. App. 463. Under the present statute (section 184) it is provided that ". . . the petition shall contain prayers for the relief sought by the petitioner as in other cases." The petition before us recites that petitioner believes that the respondents have possession or control of certain property "consisting of certain beneficial certificates representing the beneficial interests in the real estate located at 2330 N. Lowell Ave., Chicago," and the prayer asks for a proper order of the court "if it be found that such beneficial certificates are the property of the said S. George Feciura, or of the estate of the said S. George Feciura, deceased, or of the administrator thereof." The matters relating to the title of the real estate which the order of the probate court purported to determine were therefore beyond the issues made by the petition, and a nullity.

*Fineman v. Goldberg,* 329 Ill. 507, 511; *Yeates v. Briggs,* 95 Ill. 79, 83. The order being a nullity, it can be attacked collaterally and plaintiffs were not obliged to appeal from it. *Baker v. Brown,* 372 Ill. 336, 342, 343; *Schnur v. Bernstein,* 309 Ill. App. 90, 97; *Schillinger v. O'Connell,* 289 Ill. App. 271, 274.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT and O'CONNOR, JJ., concur.